## CHARLES A. MOORE *vs.* WILLIAM CAINS.

Suffolk. Nov. 17.— Dec. 11, 1874. WELLS & DEVENS, JJ., absent.

In an action to recover damages caused by the defendant's inducing the plaintiff to enter into a partnership with him for a term of years, by means of a fraudulent representation that he was the owner of certain buildings agreed to be used for the purposes of the partnership, and the use of which was to be contributed by the defendant as his share of the capital, proof that the buildings were owned by the defendant's wife, who gave the defendant verbal authority to use the buildings for the agreed term, is not a valid defence, if the representation is material; and the question of the materiality of the representation is for the jury.

TORT for fraudulent representations, whereby the plaintiff claimed to have been fraudulently induced to enter into a copartnership with the defendant for the manufacture of glass at South Boston, under the style of the Phœnix Glass Works. The declaration alleged that the defendant represented, among other matters, that certain buildings named in the partnership agreement were well worth $50,000, and that the title to the property was in him, subject to a mortgage of $20,000, or a little more than $20,000. Trial in the Superior Court, before *Pitman*, J., who allowed a bill of exceptions in substance as follows :

There was evidence tending to show that the defendant represented to the plaintiff that the works to be used by the proposed firm were owned by the defendant, subject to a mortgage for $22,000, and that he would furnish the use of them in the business of said firm as his contribution. This evidence was controverted by the defendant, and it further appeared in evidence which was uncontrolled, that the wife of the defendant was seised in fee of the premises, subject to the mortgages aforesaid, and that she had verbally authorized the defendant to use the factory and outbuildings during the term of five years, he paying interest on the mortgages, taxes and insurance. The agreement of partnership provided as follows : " William Cains is to furnish the use of the buildings of the aforesaid works, and of all the tools used in the business and at present upon the premises, the estimated value of which is about $14,000." The day-book of the firm contained the following entry, under date of February 2, 1872 : " William Cains and Charles A. Moore have this day entered into partnership under the firm of Phœnix Glass Works. William Cains contributes as capital the use of buildings, tools and materials, estimated at $10,000." The plaintiff and defendant continued in business as a firm, making and selling glass, for about seventeen weeks, at the end of which time the plaintiff, as he contended, and offered evidence tending to show, for good cause, and after the works had stopped, abandoned the business and instituted this suit.

The defendant's counsel asked the judge to rule as follows : " 1. If the title to this property was in Cains's wife, and Cains had the right from his wife to permit the proposed partnership to

use the building, that was a sufficient compliance with the part-nership agreement.    2. If the title to this property was not in Cains, yet on the uncontrolled evidence in the case Cains had the right to put in the use of the buildings by the owner.    3. It was not necessary that Cains should have had the actual title and ownership of the buildings, provided he had the right to use the buildings in business."

The judge declined so to instruct the jury, but charged them that the question of the materiality of this representation was for them to pass upon ; that the authority granted by the wife was revocable, and in case of her death would cease; and that such a permissive privilege would not be a substantial compliance with the representation of ownership, if made.    The jury found for the plaintiff, and the defendant alleged exceptions.

*W. E. L. Dillaway*, for the defendant.

*J. S. Abbott*, for the plaintiff.

AMES, J.    The partnership, according to its terms, was to continue for the period of five years.    The defendant had no such title in the premises that he could give any assurance that the firm could have an undisturbed occupation for that, or, indeed, for any fixed period.    His wife was the owner of the estate, subject to certain mortgages, and whatever authority she had given to the defendant in relation to it was permissive only, and revocable at her pleasure.    So insecure and slight a title was not a compliance with the partnership agreement.    The question of the materiality of the defendant's representation was properly left to the jury, and the rulings of the presiding judge were correct.

*Exceptions overruled.*