ABRAHAM LYMAN *vs.* ADA ROMBOLI & another.

Middlesex.    January 8, 1936. — January 31, 1936.

Present: RUGG, C.J., CROSBY, FIELD, LUMMUS, & QUA, JJ.

*Deceit.   Fraud.   Contract,* Validity.

A false representation of title to land is not classed as a representation
of law and may be actionable.

A lessee induced to take a lease by a false representation by the lessor
that he had title to adjacent land which the lessee was to use as a
driveway and which was later blocked off by the true owner, was not
barred from maintaining an action of deceit against the lessor by a
provision of the lease that if the lessee should be prevented from main-
taining a driveway over such land, he might, at his option, terminate
the lease; an attempt in a contract to restrict the remedy of a party
for fraud of the other party which induced its making is ineffectual.

TORT.   Writ dated June 20, 1934.

The action was tried in the Superior Court before
*Walsh,* J., who ordered a verdict for the defendants and
reported the action.

*H. A. Carney,* for the plaintiff.

*W. R. Flint,* for the defendants.

LUMMUS, J.   This is an action for deceit.   There was
evidence that the defendants induced the plaintiff to take
a lease of land for a gasoline filling station at the corner of
Bailey Street and Revere Beach Parkway in Everett, by
knowingly false representations that the Commonwealth,
although it owned the parkway and an adjacent strip, had
no rights in land on Bailey Street beyond a certain stake,
but that the defendants owned all the land on Bailey
Street beyond that stake and the plaintiff as their lessee
could use any of it for a driveway from Bailey Street.
There was evidence that, after the plaintiff had taken the
lease and had constructed a driveway, the Commonwealth,
owning land beyond the stake, rightfully blocked the en-

trance to the driveway by erecting concrete posts, to the plaintiff's damage.

A false representation of title may be actionable. *Moore* v. *Cains*, 116 Mass. 396. *Burns* v. *Dockray*, 156 Mass. 135, 137, 138. *Nash* v. *Minnesota Title Ins. & Trust Co.* 163 Mass. 574, 580. *Bates* v. *Cashman*, 230 Mass. 167. *Lynch* v. *Palmer*, 237 Mass. 150. *Charbonneau* v. *Rokicki*, 278 Mass. 524. Although questions of law may enter into the determination of title, a representation of title is not classed as a representation of law. *Kerr* v. *Shurtleff*, 218 Mass. 167, 173. See also *Jekshewitz* v. *Groswald*, 265 Mass. 413; *Jason* v. *Jason*, 289 Mass. 72, 78; *Reggio* v. *Warren*, 207 Mass. 525, 533.

The words "building line" on a plan shown to the plaintiff, descriptive of a line parallel with the parkway, did not contradict the representations nor impair the plaintiff's right to rely on them. Compare *Heftye* v. *Kelley*, 262 Mass. 573.

The trial judge ruled that the terms of the lease precluded recovery, ordered a verdict for the defendants, and reported the case upon the stipulation of the parties that if his action was erroneous, judgment is to be entered for the plaintiff with damages in the amount of $1,000.

The only provision in the lease that might be thought to preclude recovery, is that "should the lessee, his executors, administrators or assigns, be hampered, prevented or prohibited in any way whatsoever from maintaining, erecting or conducting such driveways for the public for ingress and egress, as the lessee, his executors, administrators or assigns, may desire, from said Bailey Street and Revere Beach Parkway, to what is known as the gasoline station, which he shall erect upon the leased premises, then the lessee, his executors, administrators and assigns, shall have the right to terminate this lease, at his option forthwith." This provision does not show that the plaintiff did not rely on the representations. The judge apparently thought that it constituted a contractual substitute for any right of action for deceit. But it was settled by *Granlund* v. *Saraf*, 263 Mass. 76, that an attempt by a contract to restrict the remedy of a party for fraud of the other party which

induced the making of the contract, is ineffectual. See also *Noack* v. *Standard Stores, Inc.* 281 Mass. 53; *Continental Corp.* v. *Gowdy,* 283 Mass. 204, 215.

*Judgment for the plaintiff.*