H. William Burgess, Don Jeffrey Gelber, Honolulu, Hawaii, for plaintiff.

Thomas L. Mui, Honolulu, Hawaii, for defendants.

## AMERICAN OLEAN TILE COMPANY, Inc., Plaintiff,

v.

## Ralph E. ZIMMERMAN, Jr., et al., Defendants.

### Civ. No. 2979.

United States District Court,
D. Hawaii.

Sept. 9, 1970.

### DECISION ON MOTION TO QUASH GARNISHEE SUMMONSES

PENCE, Chief Judge.

The defendants here, Ralph and Mary Zimmerman and A-1 Tile of Hawaii, Inc., have moved to quash the garnishee summonses that have issued against them on the grounds that the defendants' property has been taken without due process of law. American Olean Tile Company is suing the defendants to collect the purchase price for tile and other building materials sold by Pomona Tile Manufacturing Corporation, subsequently merged into American Olean, to A-1 Tile of California, Inc., and A-1 Tile of Hawaii. American Olean alleges that the Zimmermans were using the two A-1 corporations as their alter egos. American Olean has garnished A-1 Tile of Hawaii's regular checking account and its payroll account, approximately $9,800 total in both accounts, and also has garnished payments, about $11,900 net, due A-1 Tile on completed contracts. Ralph Zimmerman filed an affidavit that the garnishment worked great hardship upon the corporation. All the garnish-

ments here were obtained pursuant to and in compliance with Hawaii law, H. R.S. § 652–1.

■ As the Supreme Court said in Goldberg v. Kelly, 397 U.S. 254, 263, 90 S.Ct. 1011, 1018, 25 L.Ed.2d 287 (1969):

"Accordingly, as we said in Cafeteria & Restaurant Workers Union v. McElroy, 367 U.S. 886, 895, 81 S.Ct. 1743, 6 L.Ed.2d 1230 (1961), 'consideration of what procedures due process may require under any given set of circumstances must begin with a determination of the precise nature of the government function involved as well as of the private interest that has been affected by governmental action.' See also Hannah v. Larche, 363 U.S. 420, 440, 442, 80 S.Ct. 1502, 4 L.Ed.2d 1307 (1960)."

For over 100 years Hawaii has legislated upon the "Garnishee Process to Facilitate the Collection of Debts", and the basic processes as embodied in H.R.S. Ch. 652, Garnishment, are the same as found in the Act of 1876, "To Consolidate and Amend the Law Relating to the Garnishee Process to Facilitate the Collection of Debts." Under Hawaiian law the *goods, effects, debts due or monies* owed a debtor may be garnisheed by a creditor on a summons issued before judgment. Since 1890, Hawaii has recognized wages as meriting separate and distinct treatment under the garnishment laws.[1]

Hawaii does not demand that the plaintiff creditor file any bond before the garnishee process is issued, but it does provide means by which the debtor may secure a release of any garnisheed funds which may exceed the amount claimed. § 652–1(d). It also provides that if a debtor files a surety bond for the amount of the claimed debt, plus

costs, etc., the fund garnisheed may be released. § 652–1(a), as amended by Act 86 of the Laws of 1970.[2]

The movant here urges that under Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969), this court is mandated to hold the garnishment law of Hawaii as violative of the due process clause. This court does not find *Sniadach* as compelling any such action. To the contrary, on this very point, the Supreme Court said:

"A procedural rule that may satisfy due process for attachments in general, see McKay v. McInnes, 279 U.S. 820, 49 S.Ct. 344, 73 L.Ed. 975, does not necessarily satisfy procedural due process in every case. The fact that a procedure would pass muster under a feudal regime does not mean it gives necessary protection to *all* property in its modern forms. *We deal here with wages—a specialized type of property* presenting distinct problems in our economic system. We turn then to the nature of *that* property and problems of procedural due process." (Emphasis added.) 395 U.S. at 340, 89 S.Ct. at 1822.

*McKay* was but a one sentence per curiam upon affirming the judgment of the Supreme Court of Maine, viz., McInnes v. McKay, 127 Me. 110, 141 A. 699 (1928). The Maine court's opinion was a positive rejection of the view that attachment (which, as the opinion indicates, could be equated with garnishment) constitutes an unconstitutional deprivation of property without due process of law. The Maine court recognized the obviously drastic character of attachment in the manner in which it interferes with the incidents of ownership prior to any judgment on the plaintiff's claim having been made, but held that

1. H.R.S. § 652–1(a) ¶ 3(4), (b) and (f); § 652–5; Ch. 653.

2. Under § 607–14, when plaintiff fails to prevail in a district court civil action and the magistrate determines that it was brought unfairly, maliciously or without adequate cause, the losing plain-

tiff may be ordered to pay costs as well as all reasonable and necessary expenses to which defendant was put. §§ 607–14 and 607–17 give attorney fees, in fixed percentages of the amount sued on, to the winning defendant, in assumpsit and in suits or promissory notes, etc.

the deprivation of that "property" was not "the deprivation of property contemplated by the Constitution. And if it be, it is not deprivation without 'due process of law' for it is a part of a process, which during its proceeding gives notice and opportunity for hearing and judgment. * * *" 141 A. at 702. The citation then would indicate that the Supreme Court did nothing more than carve out an exception for wage earners from what the Court deemed to be otherwise lawful prejudgment seizures, i. e., that garnishment of wages was a limited exception to the general rule of legality of garnishment statutes.

The legislature of Hawaii has had opportunities to review the garnishment procedure many, many times over the years. Until such time as either the legislature or the Supreme Court of Hawaii changes the law in this state, this court does not feel constrained to give *Sniadach* any application to Hawaii's garnishment statute other than to the garnishment of wages.

The motion to quash the garnishment summons is denied.