BRUNSWICK CORPORATION, a Delaware
Corporation, Plaintiff-Appellant v. GALAXY
COCKTAIL LOUNGE, INC., and JANE K. HU,
Defendants, and KATHERINE K. KWOCK,
Defendant-Appellee, and CITY BANK OF
HONOLULU, and FIRST HAWAIIAN BANK,
Garnishees.

No. 5321

SEPTEMBER 7, 1973

RICHARDSON, C.J., MARUMOTO, ABE,
LEVINSON AND KOBAYASHI, JJ.

OPINION OF THE COURT BY LEVINSON, J.

This appeal is taken from an Order Granting Release
of Prejudgment Garnishment in favor of defendant-
appellee, filed on June 19, 1972. The sole issue before
us is whether the Hawaii prejudgment garnishment pro-
cedure regarding bank accounts violates the Due Process
Clauses of the United States[1] and Hawaii[2] Constitutions.

---

[1]The Fourteenth Amendment provides in relevant part:
No State shall make or enforce any law which shall abridge the privileges
or immunities of citizens of the United States; nor shall any State deprive
any person of life, liberty, or property, without due process of law . . . .
[2]Article I, sec. 4 provides in relevant part:
    No person shall be deprived of life, liberty or property without due
process of law . . . .

We hold that it violates both, and we affirm the order below.

The facts in the present case are as follows: The complaint was brought on a non-interest bearing promissory note in the amount of $14,400, purportedly assigned to the plaintiff-appellant, against Galaxy Cocktail Lounge, Inc., as maker and Katherine K. Kwock and Jane K. Hu as individual guarantors. In addition to its prayer for judgment the complaint requested that prejudgment garnishee summons be issued to City Bank of Honolulu and First Hawaiian Bank, which was done on February 3, 1971. The garnishee summons was served the following day. The complaint and summons were not served on the defendants, however, until March 6. By way of response, garnishee City Bank filed a disclosure showing an indebtedness to Defendant Katherine Kwock in the sum of $3,859.70, in the form of a commercial account. Defendant Kwock thereafter filed a motion for judgment on the pleadings and for release of prejudgment garnishment. Following a hearing, the judge denied the motion for judgment, granted the release of the garnishment, and granted the plaintiff leave to file an interlocutory appeal.

In this setting we are asked to determine the validity of Hawaii's prejudgment garnishment statute, HRS § 652-1 (Supp. 1972)[3] This statute contains certain notice

---

[3]HRS § 652-1 (Supp. 1972) provides in relevant part:

§652-1 *Garnishee process; "garnishee fund."*
(a) Before judgment. When any goods or effects of a debtor are concealed in the hands of an attorney, agent, factor, or trustee (in this chapter jointly and severally included in the term "garnishee"), so that they cannot be found to be attached or levied upon, or when any debt is due from any person (also included under the term "garnishee") to a debtor, or when any person has in his possession for safekeeping any moneys of the debtor, any creditor may bring his action against a debtor and in his petition for process, or by subsequent ex parte motion and amendments of the complaint at any time before judgment, may request the court to insert in the process a direction to the officer serving the same to leave a true and attested copy thereof with the garnishee or at his usual place of abode and to summon the garnishee to appear personally upon the

and hearing protections, but only for specifically enumerated types of income to the alleged debtor, including wages, salaries, commissions, annuities, and trust income. Bank accounts, however, are not listed as one of those debtor assets protected by these requirements.

The order releasing the garnishment springs directly

day or term appointed in the process for hearing the action or at any other time appointed by the court and then and there on oath to answer all of the following inquiries, herein inclusively referred to as the "disclosure": (1) whether he has, or at the time the copy was served on him had, any of the goods or effects of the defendant in his hands and, if so, the nature, amount and value thereof; or (2) whether he is, or at the time of service was indebted to the defendant and, if so, the nature and amount of the debt; or (3) whether he has or at the time of service on him had, any moneys of the defendant in his possession for safe-keeping and, if so, the amount thereof.

Any other provision to the contrary notwithstanding, no garnishee summons shall be issued before judgment when any debtor is in receipt of any salary, stipend, commissions, wages, annuity, or net income or portion of net income under a trust (in this chapter included under the term "wages"), from any person (also included under the term "garnishee") until the creditor upon motion and after hearing has proved to the satisfaction of the court any of the following allegations: (1) that the defendant debtor is not a resident of the State and may depart from the State within six months from the date of the filing of the action; (2) that the defendant debtor has departed from the State; (3) that the defendant debtor has left the county of his residence with intent to avoid service of summons; or (4) that the defendant debtor, although a resident of the State, intends to depart from the State and remain absent therefrom for a period in excess of nine months. If the ruling of the court is in favor of the creditor on any of the allegations above enumerated, the creditor may then request the court to issue the garnishee summons in the manner provided for in the preceding paragraph and the garnishee in his disclosure shall on oath answer the following inquiry (also included under the term "disclosure"); whether the defendant is, or at the time of service was, in receipt from him of any wages, and, if so, the amount or rate thereof.

The summons and direction, except as to wages as provided for above, shall be signed and issued as is usual in other civil process. It shall be served according to such direction. From the time of leaving such copy, the garnishee shall secure in his hands to pay such judgment as the plaintiff shall recover in the action, the following property or choses: (1) all the goods and effects of the defendant then in the hands of the garnishee; (2) every debt then owing from the garnishee to the defendant; (3) all moneys of the defendant then in the possession of the garnishee for safekeeping; and (4) a portion of the wages of the defendant by withholding the amount to be determined as follows: five per cent of the first $100 per month, ten per cent of the next $100 per month, and twenty per cent of all sums in excess of $200 per month, or an equivalent portion of the above amount per week, whether then or thereafter to

from a United States Supreme Court decision, *Sniadach v. Family Finance Corp. of Bayview*, 395 U.S. 337 (1969). The decision scrutinized a Wisconsin prejudgment garnishment statute which permitted a court clerk to issue a garnishee summons at the request of the creditor's lawyer, thereby freezing the debtor's wages until trial, even in the event of a fraud defense. Finding that the statute "may as a practical matter drive a wage-earning family to the wall," the Court held it violative of due process principles, absent notice and a prior hearing. 395 U.S. at 341-42.

The *Sniadach* court emphasized that wages are "a specialized type of property presenting distinct problems in our economic system," 395 U.S. at 340, garnishment of which imposes severe hardships. The effect of such emphasis was to leave unresolved the question whether prejudgment notice and opportunity for a hearing are constitutionally required for any other or all types of property.

It is precisely this point upon which the appellant bases its appeal. The thrust of its argument is that, in

---

become owing. The property or choses described in (1), (2), (3), and (4) of this paragraph are included under the term "garnishee fund" (in this chapter). The cumulative total value of the fund, in advance of final judgment, shall be no more than shall be sufficient to meet the claim of the plaintiff together with cost and legal interest. Any excess in the fund shall be released by the court pursuant to subsection (d) of this section. No part of the garnishee fund may be otherwise disposed of by the garnishee except as provided in this chapter.

The summons and direction shall be sufficient notice to the defendant to enable the plaintiff to bring his action to trial, unless the defendant is an inhabitant of the State or has some time resided therein, in which case a like copy shall be served personally upon him or left at his last and usual place of abode.

The court shall order the fund garnished before judgment released upon the filing by the debtor with the court of a bond or bonds issued by a surety or sureties licensed to do business as such in the State, in an amount sufficient to pay the claim of the creditor together with costs and interest, and conditioned upon judgment rendered in favor of the creditor and to the extent the claim or any portion thereof, together with costs and interest, if any, is awarded.

applying the due process test to summary prejudgment proceedings involving property other than wages, courts ought to balance the interests of the creditor against those of the debtor. The appellant contends that, in the present case, the economic hardships surrounding wage garnishment are absent and, in view of the ease with which a debtor can remove a highly mobile asset like a bank account, creditor interests must therefore weigh more heavily. The effect of the summary prejudgment process on the property is characterized as delayed enjoyment, rather than deprivation, since the property remains under the court's control and use is denied only temporarily.

Post-*Sniadach* developments generally have not supported the position taken by the appellant. The due process seedling planted by Justice Douglas with regard to prejudgment garnishment of wages has since matured into a sturdy tree under whose shade debtors have taken respite from the heat of unfair provisional remedies formerly at the disposal of creditors.

Of singular importance is *Fuentes* v. *Shevin*, 407 U.S. 67 (1972), in which the Supreme Court clarified the confusion over the rigidity with which the due process test must be applied to provisional remedies. In its holding that the prejudgment replevin procedures under statutes of Florida and Pennsylvania are violative of the due process clause because no provision was made for notice and an opportunity for a hearing before seizure, the Court emphasized that the protection of the Fourteeth Amendment extends to property generally and is not dependent upon the severity of the deprivation suffered.

> No doubt, there may be many gradations in the "importance" or "necessity" of various consumer goods. Stoves could be compared to television sets, or beds could be compared to tables. But if the root principle of procedural due process is to be applied with objectivity, it cannot rest on such distinctions. The Fourteenth Amendment speaks of "property"

generally. And, under our free-enterprise system, an individual's choices in the marketplace are respected, however unwise they may seem to someone else. It is not the business of a court adjudicating due process rights to make its own critical evaluation of those choices and protect only the ones that, by its own lights, are "necessary." (footnote omitted) [407 U.S. at 89-90]

It is appropriate to note that it is not our intention to declare all prejudgment remedies to be unconstitutional; the scope of our opinion is limited to prejudgment garnishment of bank accounts, and we express no opinion about other summary remedies, which are not, of course, before us. The Supreme Court stated in *Fuentes* that such remedies would be constitutional in "truly unusual" situations, where such factors as an important public interest, a need for swift action, and strict state control over the procedure are present. 407 U.S. at 90-92.

None of these factors are present in the statute under consideration in the present case. We perceive no valid distinction between wages and bank accounts, since an individual, or a corporation, may need such assets in order to survive.[4] As in *Fuentes,* our prejudgment garnishment statute serves no interest other than allowing summary seizure "when no more than private gain is at stake." 407 U.S. at 92.

Since HRS § 652-1 (Supp. 1972) fails to provide for

---

[4]We are, of course, mindful of contrary decisions regarding bank accounts, especially American Olean Tile Co. v. Zimmerman, 317 F. Supp. 150 (D. Haw. 1970). This case, however, preceded the Supreme Court's clarification in *Fuentes.* Furthermore, the judge in *American Olean* specifically stated at 152:

> The legislature of Hawaii has had opportunities to review the garnishment procedure many, many times over the years. Until such time as either the legislature or the Supreme Court of Hawaii changes the law in this state, this court does not feel constrained to give *Sniadach* any application to Hawaii's garnishment statute other than to the garnishment of wages.

prior notice and an opportunity to be heard, its application to bank accounts is in violation of the due process requirements enunciated in the United States and Hawaii Constitutions.

Affirmed.

*David L. Jones* (*Damon, Shigekane, Key & Char* of counsel) for plaintiff-appellant.

*Frank K. H. Kim* for defendant-appellee.