**Thomas O. BATEY et al., Plaintiffs,**

v.

**Gary L. DIGIROLAMO and Bonnie L. Digirolamo, Defendants.**

**No. 76–0103.**

United States District Court,
D. Hawaii.

Aug. 26, 1976.

John A. Chanin, Jerry A. Ruthruff, Chanin & Ruthruff, Honolulu, Hawaii, for plaintiffs.

Felix A. Maciszewski, Honolulu, Hawaii, John Marshall Collins, San Jose, Cal., for defendants and third party plaintiffs.

## DECISION AND ORDER

WONG, District Judge.

Plaintiffs on March 18, 1976 filed a complaint alleging common law fraud and violations of federal and state securities laws in the sale of limited partnership interests in a real estate venture. A notice of lis pendens was filed on the same day pursuant to Hawaii Rev.Stat. § 634–51[1] stating that an action was pending in United States District Court in which plaintiffs were seeking a judgment declaring that the defendants were holding title to certain property situated in Honolulu, Hawaii, as constructive trustees for the benefit of plaintiffs.

Defendants thereupon on July 26, 1976 filed a Motion for Order Setting Aside Lis Pendens on grounds that the Hawaii Lis Pendens Statute is violative of due process guarantees contained in the United States and Hawaii Constitutions.

Defendants' basic argument is that the Hawaii lis pendens provision authorizes a summary procedure which deprives them of a significant property right without notice and opportunity to be heard. *Sniadach v. Family Finance Corp.*, 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969); *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556, *rehearings denied,* 409 U.S. 902, 93 S.Ct. 177, 34 L.Ed.2d 165 (1972); *Brunswick Corp. v. Galaxy Cocktail Lounge, Inc.*, 54 Haw. 656, 513 P.2d 1390 (1973); and *Bay State Harness Horse Racing and Breeding Ass'n, Inc. v. PPG Industries, Inc.*, 365 F.Supp. 1299 (D.Mass.1973). More specifically, defendants contend that since the appearance of a notice of lis pendens can damage the owner's credit as well as affect the mortgageability and marketability of the property, the interference is significant. Thus, defendants argue that since the Hawaii statute contains no provision for any notice or hearing before the lis pendens is filed, it must be considered as working an unconstitutional deprivation of

---

1. Hawaii Rev.Stat. § 634–51 states:

   *Recording notice of pendency of action.* In any action concerning real property or affecting the title or the right of possession of real property, the plaintiff, at the time of filing the complaint, and any other party at the time of filing a pleading in which affirmative relief is claimed, or at any time afterwards, may record in the bureau of conveyances a notice of the pendency of the action, containing the names or designations of the parties, as set out in the summons or pleading, the object of the action or claim for affirmative relief, and a description

   of the property affected thereby. From and after the time of recording the notice, a person who becomes a purchaser or incumbrancer of the property affected shall be deemed to have constructive notice of the pendency of the action and be bound by any judgment entered therein if he claims through a party to the action; provided, that in the case of registered land, section 501–151 shall govern.

   This section authorizes the recording of a notice of the pendency of an action in a United States District Court, as well as a state court.

a significant property interest and hence must immediately be invalidated.

Plaintiffs respond on two levels. First, they seek to distinguish each of defendants' cases as being inapposite to the present situation. Second, they cite case authority of their own for the proposition that upon a weighing of the governmental interest in having a lis pendens statute against the private interests of a property owner, the governmental interest must prevail. *Empfield v. Superior Court,* 33 Cal.App.3d 105, 108 Cal.Rptr. 375 (2d Dist. 1973) and *Cook v. Carlson,* 364 F.Supp. 24 (D.S.D.1973).

This Court finds for plaintiffs.

In *Sniadach* and *Fuentes,* each of the debtors were actually dispossessed of property. In the present case, the notice of lis pendens simply poses a potential cloud on title to property. Any injury to the defendants is entirely speculative. This is not a summary seizure of a significant property interest. Moreover, in *Sniadach,* where the Wisconsin statute allowed creditors to obtain a prejudgment garnishment of a debtor's wages without a hearing, the court stated that the effect of the statute "may as a practical matter drive a wage-earning family to the wall." 395 U.S. at 341–342, 89 S.Ct. at 1822. The defendants here have full use of their property. Any deprivation engendered by the publication of a lis pendens falls far short of the type found in *Sniadach.*

In *Brunswick,* the Hawaii Supreme Court declared unconstitutional a prejudgment garnishment procedure regarding bank accounts. However, the court noted that it was specifically limiting its holding to such accounts and was expressly stating no opinion about summary remedies involving other property interests. 54 Haw. at 661, 513 P.2d 1390. This express limitation, along with the significant differences in procedure and substance between the lis pendens in the present case and the garnishment in *Brunswick,* renders the latter case inapposite to this Court's present inquiry. *Bay State* deals with a prejudgment real estate attachment procedure, not a lis pendens,

and similarly is distinguishable on that ground.

Nevertheless, this Court does not base its ruling that defendants have not been deprived of due process guarantees upon "its own critical evaluation" of property rights asserted by defendants and will not "protect only the ones that, by its own lights, are 'necessary.'" *Fuentes, supra,* 407 U.S. at 90, 92 S.Ct. at 1999. Indeed, it should not be the business of this Court to make nice distinctions between different types of property rights which may be asserted before the courts.

Instead, this Court looks to the interests advanced by the state's lis pendens provision. The *Empfield* case cited by plaintiffs speaks of the need for a lis pendens for "an orderly recording and notice system for transactions in real property   . . . ." 33 Cal.App.3d at 108, 108 Cal.Rptr. at 377. The *Cook* case speaks of the public policy to "prevent multiplicity of litigation" by giving notice of the litigation, thus avoiding bona fide purchasers and encumbrancers from tying into the property during the litigation, and "complicating the process of litigation and disappointing the expectations of the litigants." 364 F.Supp. at 27–28. These interests seem to be in the same class of interests, identified in *Fuentes,* 407 U.S. at 90–92, 92 S.Ct. 1983, which allow the summary seizure of property, an occurrence not present in the instant case. This Court therefore believes that when, as here, the alleged deprivation cannot fairly be characterized as a "seizure," when "no more than a private gain is directly at stake" for defendants, 407 U.S. at 92, 92 S.Ct. at 2000, and especially when legitimate state interests are being advanced by the statute, it cannot declare that § 634–51 denies defendants their due process guarantees under the federal and state constitutions.

For the foregoing reasons, this Court orders and adjudges that defendants' Motion for Order Setting Aside Lis Pendens because of the alleged unconstitutionality of Hawaii Rev.Stat. § 634–51 be and hereby is denied.