Debral Realty, Inc. *vs.* Salvy J. DiChiara, individually
and as trustee,[1] & another[2]
(and a consolidated case[3]).

Middlesex.   February 4, 1981. — May 6, 1981.

Present: Hennessey, C.J., Braucher, Wilkins, Liacos, & Abrams, JJ.

*Due Process of Law,* Hearing, Lis pendens notice. *Practice, Civil,* Lis
pendens notice. *Lis Pendens.*

The Massachusetts lis pendens procedure set forth in G. L. c. 184, § 15,
does not violate the due process clause of the Fourteenth Amendment
to the United States Constitution. [562-567]

Civil actions commenced in the Superior Court Depart-
ment on January 26, 1979, and June 7, 1979, respectively.

A question of law in each case was reported to the Ap-
peals Court by *Young,* J.   The Supreme Judicial Court
ordered direct review on its own initiative.

*Peter A. Johnson* for South Middlesex Association of Re-
tarded Citizens.

*George O. Gregson (Richard M. Magnan* with him) for
Salvy J. DiChiara & another.

*Harvey S. Fishman* for Debral Realty, Inc.

*Brian T. Kenner (Mary K. Ryan* with him) for Andrew J.
Lane.

*Sumner Darman, Robert D. Cohan & Cynthia L. Han-
ley,* for The Commercial Law League of America, amicus
curiae, submitted a brief.

Hennessey, C.J.   The sole question presented for our res-
olution is whether the Massachusetts lis pendens procedure,

---

[1] Summer Street Trust and J & D Realty Trust.

[2] Jacqueline A. DiChiara.

[3] South Middlesex Association of Retarded Citizens *vs.* Andrew J. Lane.

G. L. c. 184, § 15, violates the due process clause of the Fourteenth Amendment to the United States Constitution. We hold it does not.

These two cases are before us on a report from a judge of the Superior Court, pursuant to Mass. R. Civ. P. 64, 365 Mass. 831 (1974), seeking review of the judge's ruling upholding the constitutionality of the lis pendens statute. Given the limited scope of the question reported, we need not engage in an extended discussion of the facts of the particular cases.[4] Suffice it to say that each case involves a suit over title to real estate, during which one of the parties to the suit filed a memorandum of lis pendens in the appropriate registry of deeds. The property owners in each case unsuccessfully moved to have the lis pendens discharged on the ground that the procedure set forth in G. L. c. 184, § 15, authorizing the ex parte filing of a memorandum of lis pendens without notice or an opportunity to be heard, is an unconstitutional deprivation of property.

Lis pendens means "pending suit." Under the common law doctrine of lis pendens, the mere existence of litigation involving title to real property was deemed constructive notice to the world, so that anyone who purchased the disputed property while the suit was pending was bound by the judgment ultimately rendered. See *Steele* v. *Estabrook,* 236 Mass. 252, 254-255 (1920); *Wight* v. *Packer,* 114 Mass. 473, 474 (1874); *Haven* v. *Adams,* 8 Allen 363, 367 (1864).

General Laws c. 184, § 15, first appearing in St. 1877, c. 229, ameliorated the harsh effects of the common law

---

[4] In the *Debral Realty* case, the facts as stated in the judge's memorandum of decision conflict with those appearing in the defendant DiChiara's brief and in the pleadings of the parties. All agree that a memorandum of lis pendens was filed on DiChiara's property in Saugus; but, according to the complaint, and contrary to statements of the judge, the suit by Debral Realty does not involve a dispute over a promissory note secured by a mortgage on the Saugus property. Rather, the note in dispute is secured by property located in a different town, property that does not appear to have been involved in any transaction between Debral Realty and DiChiara. As the judge reported only the question of the propriety of his ruling upholding the constitutionality of G. L. c. 184, § 15, however, that is our sole concern here, and not whether the lis pendens memorandum was properly filed under the statute. See notes 5 and 6, *infra*.

rule on good faith transferees unaware of pending litigation concerning the property. Under the statute, the judgment of the court in litigation affecting real property is no longer binding on those acquiring an interest in the property unless a memorandum of lis pendens was filed in the registry of deeds before the acquisition, reciting the names of the litigants, the court in which the suit is pending, the date the suit was brought, and a description of the real property liable to be affected by the suit.[5] A memorandum of lis pendens may be filed only when litigation "affects the title to real property or [its] use and occupation." Once the underlying litigation is terminated, whether by a judgment on the merits, dismissal, or other final disposition, a certificate of the disposition may be recorded in the registry of deeds in which the lis pendens was filed. G. L. c. 184, § 16.[6]

The statute is cast in terms of a limitation on the scope of the common law rule; it does not purport to create a new right, interest, or remedy in the litigant filing the memorandum of lis pendens. By putting anyone interested in real

---

[5] The full text of G. L. c. 184, § 15, as amended by St. 1941, c. 88, reads: "A writ of entry or other proceeding, either at law or in equity, which affects the title to real property or the use and occupation thereof or the buildings thereon, shall not have any effect except against the parties thereto, their heirs and devisees and persons having actual notice thereof, until a memorandum containing the names of the parties to such proceeding, the court in which it is pending, the date of the writ or other commencement thereof, the name of the town where the real property liable to be affected thereby lies and a description of such real property sufficiently accurate for identification is recorded in the registry of deeds for the county or district where such real property lies; but this section shall not apply to attachments, levies of execution or proceedings, other than proceedings under equity jurisdiction, in the probate courts."

Note that the judgment remains binding on anyone with actual notice of the pending litigation.

[6] Although the statutes do not expressly authorize vacating a lis pendens before the termination of the underlying litigation, the court has the power to dissolve the lis pendens without delay, if the litigation does not affect the real property as required by § 15. We need not consider whether other situations might justify the early dissolution of a lis pendens.

estate that is in dispute on notice of the dispute, the statute ensures that a prospective third-party transferee can, with the exercise of reasonable prudence, acquire information relevant to a decision whether to consummate the transaction.

The property owners in the cases before us do not challenge the logical purpose of the lis pendens statute; they agree that notice of pending litigation affecting title to real estate and the orderly recording of that notice are beneficial to the public. They contend rather that the filing of a memorandum of lis pendens restricts their ability to sell or encumber their property, depriving them of a significant property interest. Given this deprivation, the property owners claim that the statutes governing lis pendens are constitutionally defective in their failure to provide an opportunity for a hearing prior to the filing of the memorandum in the registry of deeds.[7] This constitutional challenge derives largely from decisions of the United States Supreme Court invalidating statutory prejudgment creditor remedies as violative of the due process clause of the Fourteenth Amendment. *Sniadach* v. *Family Fin. Corp.*, 395 U.S. 337 (1969) (garnishment of wages). *Fuentes* v. *Shevin*, 407 U.S. 67 (1972) (replevin of personal property). *North Georgia Finishing, Inc.* v. *Di-Chem, Inc.*, 419 U.S. 601 (1975) (garnishment of bank account). Cf. *Mitchell* v. *W.T. Grant Co.*, 416 U.S. 600 (1974) (upholding statute allowing sequestration of personal property under a vendor's lien).

The thrust of these Supreme Court cases is that when, as a result of State action, an owner of property is deprived of a significant property interest, the due process clause of the Fourteenth Amendment is implicated so as to require notice and some kind of timely hearing. In *Sniadach*, for example, the State garnishment procedure enabled a creditor to freeze half the wages due an alleged debtor, without according the latter any opportunity to be heard. In articu-

---

[7] This issue was raised but not decided in *Vincent Realty Corp.* v. *Boston*, 375 Mass. 775, 781 (1978).

lating the basis for the Court's holding that this procedure did not conform to procedural due process requirements, Justice Harlan explained that "[t]he 'property' of which petitioner has been deprived is the *use* of the garnished portion of her wages during the interim period between the garnishment and the culmination of the main suit. Since this deprivation cannot be characterized as *de minimis,* she must be accorded the usual requisites of procedural due process: notice and a prior hearing" aimed at establishing the probable validity of the underlying claim (emphasis in original). 395 U.S. 342-343 (Harlan, J., concurring).

The Supreme Court later applied the *Sniadach* rationale to other situations in which the State, in aid of a creditor, deprived a property owner of actual possession and enjoyment of tangible personal property. See *Fuentes* v. *Shevin, supra* (invalidating statute authorizing State agents to seize personal property in possession of an alleged debtor, virtually at will of creditor); *North Georgia Finishing, Inc.* v. *Di-Chem, Inc., supra* (striking down garnishment statute under which corporate bank account was impounded and put totally beyond use of depositor during pendency of litigation on alleged debt).[8]

No deprivation of comparable magnitude has taken place here. The filing of a memorandum of lis pendens does not result in seizure of the property or dispossession of the property owner. Nonetheless, a deprivation at the hands of the State need not reach the magnitude of a seizure to fall within the scope of the due process clause. See *Fuentes* v. *Shevin, supra* at 91 n.23. Thus we must consider the nature of the deprivation alleged here.

---

[8] In *Mitchell* v. *W.T. Grant Co.,* 416 U.S. 600, 611 (1974), the Court noted that a *prior* hearing is not constitutionally mandated each time the State deprives a person of a significant property interest: "Where only property rights are involved, mere postponement of the judicial enquiry is not a denial of due process, if the opportunity given for ultimate judicial determination of liability is adequate." See *Haverhill Manor, Inc.* v. *Commissioner of Pub. Welfare,* 368 Mass. 15, 24-25, cert. denied, 423 U.S. 929 (1975).

A memorandum of lis pendens, like an attachment of real estate, temporarily restricts the power of a landowner to sell his or her property, by depriving the owner of the ability to convey clear title while the litigation is pending.[9]  Besides burdening the right of alienation, the existence of a lis pendens notice interferes with the owner's ability to obtain financing on the property.  In the attachment context, the impairment of both marketability and mortgageability has been viewed as a deprivation of a significant property interest within the protection of the Fourteenth Amendment, leading to judicial invalidation of State statutory procedures that authorize prejudgment attachments of real estate without first giving the property owner notice and an opportunity to be heard.  See, e.g., *Bay State Harness Horse Racing & Breeding Ass'n* v. *PPG Indus., Inc.,* 365 F. Supp. 1299 (D. Mass. 1973) (three-judge court); *M P I, Inc.* v. *McCullough,* 463 F. Supp. 887, 894-901 (N.D. Miss. 1978); *Terranova* v. *Avco Financial Servs. of Barre, Inc.,* 396 F. Supp. 1402 (D. Vt. 1975); *Gunter* v. *Merchants Warren Nat'l Bank,* 360 F. Supp. 1085 (D. Me. 1973); *Clement* v. *Four North State St. Corp.,* 360 F. Supp. 933 (D.N.H. 1973) (three-judge court).  Contra, *Central Security Nat'l Bank* v. *Royal Homes, Inc.,* 371 F. Supp. 476 (E.D. Mich. 1974).[10]  The Supreme Court of at least one State has invalidated lis pendens procedures on the same ground.  *Kukan-*

---

[9] We stress that the landowner is not *prohibited* from alienating or encumbering the property subject to lis pendens.  Although alienation may be more difficult, there is nothing to prevent the sale if the landowner can find a willing buyer.

[10] On the basis of *Fuentes* v. *Shevin,* 407 U.S. 67 (1972), and the above-cited decision of the United States District Court for the District of Massachusetts in *Bay State Harness Horse Racing & Breeding Ass'n* v. *PPG Indus., Inc.,* 365 F. Supp. 1299 (D. Mass. 1973), this court has "assume[d], without deciding, that attachments of a debtor's real property, . . . without prior notice to the debtor and opportunity for hearing," would violate due process of law.  *McIntyre* v. *Associates Financial Servs. Co. of Mass., Inc.,* 367 Mass. 708, 711 (1975).  The ex parte attachment procedure invalidated in *Bay State Harness, supra,* has been amended by Mass. R. Civ. P. 4.1, 365 Mass. 737 (1974), and S.J.C. Rule 3:27, as amended, 368 Mass. 903 (1975).

*skis* v. *Griffith,*      Conn.      (1980) (41 Conn. L.J. 14 [1980]).  Contra, *Batey* v. *Digirolamo,* 418 F. Supp. 695 (D. Haw. 1976); *George* v. *Oakhurst Realty, Inc.,*      R.I.      (1980) (414 A.2d 471 [R.I. 1980]); *Empfield* v. *Superior Court,* 33 Cal. App. 3d 105 (1973).

Although we acknowledge the substantial economic effects that can result from the filing of a lis pendens notice (effects that mirror those resulting from the use of a real estate attachment), we do not think that these effects constitute a significant enough deprivation by the *State* so as to require that the landowner be given an opportunity to be heard in advance of filing.

*Fuentes, Sniadach, North Georgia,* and the real estate attachment cases cited above all involved a private dispute between private parties in which the State, through some statutory mechanism, stepped in for the purpose of aiding one side to the dispute.[11]  Here, although we have a private dispute between private parties, the mechanism added by the State is not designed to aid either side in the dispute. Rather, the lis pendens mechanism is designed primarily to protect unidentified third parties by alerting prospective purchasers of property to what is already on the public record — the fact of a suit involving the property.  The level of State involvement in the lis pendens procedure is minimal:  a clerk at the registry of deeds merely accepts the memorandum of lis pendens from a private litigant desiring to file it.  A private individual with both the resources and the interest in alerting potential buyers would be free to publicize the fact that he is a party to a lawsuit involving certain property.[12]  By allowing the filing of a memorandum

---

[11] An attachment of property in Massachusetts, for example, creates a "specific charge upon the property, for the security for the debt sued for, and the property is set apart and placed in the custody of the law, for that purpose . . . ." *Kahler* v. *Marshfield,* 347 Mass. 514, 516 (1964), quoting from *Davenport* v. *Tilton,* 10 Met. 320, 327 (1845).

[12] Such an individual would, of course, be subject to obligations of good faith regarding the litigation; we are not dealing here with groundless or spurious lawsuits.

of lis pendens in the place where potential buyers are most likely to find it, the State is doing little more than a private individual is free to do. Whatever role the State plays in the lis pendens procedure is far less than that present in pre-judgment seizure or attachment procedures.[13]

Further supporting the constitutionality of the lis pendens statute is the recognition that a memorandum of lis pendens does nothing that a conscientious seller of property would not do as a matter of course. A property owner offering to sell or mortgage property typically represents that he has good title to the property and that he is, in fact, free to sell or encumber it. In these circumstances, a false representation of title may give rise to a cause of action in fraud or deceit.[14] Further, although silence in some cases may not give rise to a cause of action, considerations of fairness would ordinarily prompt the seller of property that is the subject of a legal dispute to inform potential buyers or mort-gagees of the existence of that dispute. A notice of lis pendens does just that. The landowner is being deprived of no more than the ability to alienate property without in-forming the prospective transferee of the existence of litiga-tion involving the property. This is not a deprivation worthy of due process protection beyond that inhering in the underlying litigation itself.[15]

---

[13] The attachment statutes invalidated in the cases cited earlier authorized a writ of attachment to be issued by a court clerk and executed by a sheriff, thereby creating an immediate lien on the property attached for the benefit of the creditor. By so doing, the attachment procedures created legal rights on behalf of one party (the creditor) in the underlying action.

[14] See *Lyman* v. *Romboli,* 293 Mass. 373, 374 (1936); *Burns* v. *Dockray,* 156 Mass. 135, 137 (1892). Cf. *Friedman* v. *Jablonski,* 371 Mass. 482 (1976); *Maxwell* v. *Ratcliffe,* 356 Mass. 560, 562-563 (1969); *Kannavos* v. *Annino,* 356 Mass. 42, 49-50 (1969) (all holding actionable fraudulent representations concerning premises conveyed). See also G. L. c. 184, §§ 21, 22 (requiring seller or mortgagor to inform grantee of any encum-brances existing on real estate conveyed).

[15] To some extent, baseless lawsuits against the property owner may be quickly disposed of before trial by motions to dismiss, motions for judg-ment on the pleadings, and motions for summary judgment. See Mass. R.

As the Supreme Court's decisions demonstrate, determining when and how much process is due requires sensitivity to the exact nature of the particular property deprivation worked at the hands of the State.[16]   Here, considering the State's minimal involvement and the simple notice function of the lis pendens procedure, we conclude that the process provided in the underlying litigation on the property dispute is sufficient, and therefore G. L. c. 184, § 15, does not violate the due process clause of the Fourteenth Amendment.   Accordingly, the judge's ruling upholding the constitutionality of the statute was correct.

*So ordered.*

Civ. P. 12 (b) (6), and 12 (c), 365 Mass. 754 (1974); Mass. R. Civ. P. 56, 365 Mass. 824 (1974).   A disposition favorable to the property owner — whether as the result of a pretrial motion or a trial on the merits — results in the removal of any detrimental effects of the lis pendens procedure on contemplated transactions involving the property.   See G. L. c. 184, § 16.

[16] It can be said that the Supreme Court's decisions themselves have been marked by some inconsistency.   Compare *Sniadach* v. *Family Fin. Corp.*, 395 U.S. 337 (1969), *Fuentes* v. *Shevin, supra,* and *North Georgia Finishing, Inc.* v. *Di-Chem, Inc.*, 419 U.S. 601 (1975), with *Flagg Bros.* v. *Brooks,* 436 U.S. 149 (1978), and *Mitchell* v. *W.T. Grant Co.*, 416 U.S. 600 (1974); note especially the dissenting opinions in *Flagg Bros., supra* at 168-179 (Stevens, J., dissenting), and *Mitchell, supra* at 629-636 (Stewart, J., dissenting), as well as the concurring opinion of Justice Stewart in *North Georgia Finishing, Inc., supra* at 608. See *McIntyre* v. *Associates Financial Servs. Co. of Mass., Inc.*, 367 Mass. 708, 710-711 & n.2 (1975).