**In re Mary G. ADAMSON, Debtor**

No. 04–14224–JNF.

United States Bankruptcy Court, D. Massachusetts.

July 12, 2004.

Susan Grossberg, Melrose, MA, for Debtor.

Patricia Remer, Boston, MA, Chapter 13 Trustee.

Sandra Singer, pro se.

### MEMORANDUM

JOAN N. FEENEY, Chief Judge.

## I. INTRODUCTION

The matters before the Court are 1) the Motion for Order Authorizing Private Sale of Estate Property Free and Clear of Liens (the "Sale Motion") through which Mary G. Adamson (the "Debtor") seeks an order permitting her to sell her right, title and interest in a single family residential dwelling, located at 46 Halsey Road, Hyde Park, Massachusetts (the "Property"), to Patrick and Maureen Oser for the sum of $260,000, free and clear of liens, claims and encumbrances, pursuant to 11 U.S.C. § 363 of the Bankruptcy Code;[1] and 2) the Creditor's Opposition to the Debtor's Sale Motion filed by Sandra Singer ("Singer").

Singer supplemented her Opposition several times. She initially asserted that the Debtor filed her bankruptcy petition in bad faith; that the Debtor is "ineligible for relief under Title 11 or any bankruptcy law;" that Adamson and her attorney "have engaged in malicious abuse of process in the filing of the bankruptcy petition in this case and this motion [the Sale Mo-

---

1. The Debtor did not specifically request that the sale be free and clear of interests. *See* 11 U.S.C. § 363(f). The Court finds that this omission was harmless error, particularly as counsel to the buyer requested such a ruling at the July 8, 2004 hearing.

tion];" and that she holds a secured claim by virtue of her lis pendens ("[t]he creditors [sic] claim for money damages is an unsecured claim. The creditors [sic] judicially endorsed lis pendens is a secured claim.").[2]

Singer also filed a Motion for Sanctions in which, among other things, she reiterated her prior allegations as to the Debtor's motives and requested an order requiring the Debtor to sell the Property to her, as well as an order requiring the Debtor and her attorney to "pay financial compensation and punitive financial damages to this creditor for their willful and malicious abuse of process in filing this bankruptcy petition and motion not for its intended purpose but for an improper ulterior motive, including compensation for the severe emotional distress, loss of time, delay and any other damages they have caused." In addition, Singer filed a Creditor's Supplemental Opposition to the Sale Motion in which she maintained that she is "an entity" with an interest in the Property entitled to adequate protection. In this pleading, she asserted that her interest is a lis pendens and a "lis pendens is not a lien." Nevertheless, in the same pleading, she stated "[a] person with a lis pendens is a secured creditor of that property."

Singer also filed a Second Supplemental Opposition to Debtor's Sale Motion; a Supplement to Creditor's Opposition to Debtor's Sale Motion, attaching to it a copy of a draft of a brief she intends to file in the Massachusetts Appellate Court; a Supplement to Creditor's Motion for Sanctions; a Reply to Debtor's Response to Creditor's Opposition; a "Notice of Lien on Any Money Paid to Peter Costa and/or Century 21 Treon Realty, Creditor's Motion (If Necessary) for a Lien and to Attach any Money Paid Peter Costa and/or Century 21 Treon Realty and Creditors [sic] Response to Debtor's Application to Employ Real Estate Broker;"[3] Creditor's Reply to Opposition to Notice; and Post Creditors [sic] Meeting Supplement to Pending Motions.[4] In essence, Singer objects to any sale of the Property on grounds that she has a lis pendens on the property, as well as a right to specific performance of a sale of the Property to her, and an interest in or lien on the Property.

The Court heard the Sale Motion and Singer's Opposition, as well as the other matters, on July 8, 2004.[5] The issue presented is whether Singer has an interest in or lien on the Property sufficient to warrant denial of the Debtor's Sale Motion. For the reasons set forth below, the Court finds that Singer has no interest in the property and is not a secured creditor or

---

2. Singer also stated that "Adamson a person fully able to pay her creditors but who has chosen not to, has filed her petition and motion for the improper ulterior motive of seeking to maliciously prevent this creditor from having the house, which house this creditor has a lis pendens on and Adamson is contractually and otherwise required to sell to this creditor."

3. In this pleading, Singer stated that she has served "G.L. ch. 93A demand letters" on Century 21, Costa and others. She added that she attempted to add these parties to her Land Court case, but that the Land Court ruled that it lacked jurisdiction to hear those

claims, ruling that its jurisdiction is limited to specific performance. In other word, Singer has not commenced an action against Costa or Century 21 or any of its other agents or brokers in a court of competent jurisdiction.

4. After this decision was in draft, Singer filed yet another pleading: Creditor's Memorandum Supporting/Opposing Pending Matters.

5. At the hearing, the Limited Objection filed by Federal National Mortgage Association was resolved as were the issues raised in the Response filed by the Chapter 13 Trustee.

the holder of a lien by virtue of her lis pendens.

## II. FACTS

The material facts necessary to determine the Sale Motion are not in dispute. Singer commenced an action in the Massachusetts Land Court, Department of the Trial Court, seeking specific performance of a purported contract for the sale of the Halsey Road Property and obtained a lis pendens in August of 2003. After a hearing in the Land Court, Judge Gordon H. Piper dismissed Singer's complaint against the Debtor,[6] finding that Singer had failed to establish that a valid, binding and enforceable agreement for the sale of the Property existed between Singer and Adamson. He denied numerous motions filed by the Debtor to dissolve the lis pendens, however, because of the pendency of an appeal filed by Singer.

## III. ANALYSIS

Section 363(b) of the Bankruptcy Code authorizes the trustee, after notice and a hearing, "to use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b). Section 1303 of the Bankruptcy Code provides that "the debtor shall have, exclusive of the trustee, the rights and powers of a trustee under sections 363(b), 363(d), 363(e), 363(f), and 363(*l*), of this title." This section has the effect of authorizing Chapter 13 debtors to sell property of the estate. Section 363(f) of the Bankruptcy

Code authorizes the sale of property free and clear of "any interest in such property of an entity other than the estate," 11 U.S.C. § 363(f), while § 363(e) provides that the Court may prohibit or condition the use, sale or lease of property of the estate to provide adequate protection to entities that hold interests in the property. 11 U.S.C. § 363(e). The Bankruptcy Code does not define what constitutes an interest in property.

In *In re 229 Main Street Ltd. P'ship,* 262 F.3d 1, 5–7 (1st Cir.2001), the United States Court of Appeals for the First Circuit held that " 'interest in property,' as that term is used in 11 U.S.C. § 362(b)(3) is unequivalent to and broader than, the term 'lien.' " *See also Ragosa v. Canzano (In re Colarusso),* 295 B.R. 166, 174 (1st Cir. BAP 2002). Because the terms "interest in property" and "lien" are not equivalent, this Court must look to Massachusetts law to determine the effect of a lis pendens and the nature of Singer's interest, if any, in the property.

Massachusetts courts have described lis pendens as follows:

> It is undeniable that a lis pendens constitutes a cloud on the record title to realty. The recording of a lis pendens essentially serves as *notice* to all interested persons that title to the real estate is in litigation, and that any purchaser of the real estate assumes the risk of being

---

6. Land Court Judge Gordon H. Piper issued a written decision on December 24, 2003. In his decision, he stated the following:

> The issue to be decided is whether the parties merely engaged in negotiations regarding the purchase of locus, or whether their dealings, carried out primarily via e-mail communication, gave rise to a binding and enforceable contract for the purchase and sale of the real estate. Based on the fact pattern laid out in the verified complaint,

about which there is little dispute, I conclude, after examining the complaint in the light most favorable to Singer, and giving full consideration to the applicable statutory and decisional law, that no binding contract ever was formed. I decide Adamson's motion to dismiss deserves to be granted. *Singer v. Adamson,* No. 292128, 2003 WL 23641985, *1 (Mass.Land Court, December 24, 2003).

bound by a potentially adverse judgment.

"Lis Pendens means 'pending suit'. Under the common law doctrine of lis pendens, the mere existence of litigation involving title to real property was deemed constructive notice to the world, so that anyone who purchased the disputed property while the suit was pending was bound by the judgment ultimately rendered."

*Arico v. Schwartz*, 1992 WL 158380, 1992 Mass.App. Div. 120 (1992)(citing *Debral Realty Inc. v. DiChiara*, 383 Mass. 559, 560, 420 N.E.2d 343 (1981))(emphasis supplied). In *Debral Realty*, the Supreme Judicial Court stated: "A memorandum of lis pendens, like an attachment of real estate, temporarily restricts the power of a land owner to sell his or her property by depriving the owner of the ability to convey clear title while the litigation is pending." 383 Mass. at 564, 420 N.E.2d 343. The court added: "We stress that the landowner is not prohibited from alienating or encumbering the property subject to lis pendens. Although alienation may be more difficult, *there is nothing to prevent the sale* if the landowner can find a willing buyer." *Id.* at n. 9 (emphasis supplied). The Supreme Judicial Court also observed the following in *Debral Realty*:

[A] memorandum of lis pendens does nothing that a conscientious seller of property would not do as a matter of course. A property owner offering to sell or mortgage property typically represents that he has good title to the property and that he is, in fact, free to sell or encumber it. In these circumstances, a false representation of title may give rise to a cause of action in fraud or deceit. Further, although silence in some cases may not give rise to a cause of action, considerations of fairness would ordinarily prompt the seller

of property that is the subject of a legal dispute to inform potential buyers or mortgagees of the existence of that dispute. A notice of lis pendens does just that. The landowner is being deprived of no more than the ability to alienate property without informing the prospective transferee of the existence of litigation involving the property....

*Id.* at 566, 420 N.E.2d 343.

■ *In re Harbour House Operating Corp.*, 26 B.R. 324, 331 (Bankr.D.Mass. 1982), the court stated "[t]he lis pendens as notice, [is] not a property interest." In short, a lis pendens is a form of notice that affects the title to property but does not create an interest in property. *Id.* It is not an interest in property for purposes of § 363(f). Accordingly, Singer has no standing to object to the Debtor's sale pursuant to § 363(f), and she is not entitled to adequate protection of any interest under § 363(e).

A lien is a "charge against or interest in property to secured payment of debtor or performance of an obligation." 11 U.S.C. § 101(37). Although issues concerning title and rights to and in real property are governed by state law. *See Butner v. U.S.*, 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979)("[p]roperty interests are created and defined by state law"), courts from other jurisdictions interpreting the effect of lis pendens statutes have held that a lis pendens does not create a lien or serve as an encumbrance on real property. *See In re Kodo Properties, Inc.*, 63 B.R. 588, 589 (Bankr.E.D.N.Y.1986) (lis pendens "does not of itself create an encumbrance upon the property"); *see also In re Miller*, 39 B.R. 145, 147 (Bankr. W.D.Mo.1984); *Kensington Development Corp. v. Israel*, 142 Wis.2d 894, 904, 419 N.W.2d 241, 245 (1988)("The sole purpose of a lis pendens is to give constructive notice to third parties of pending judicial

proceedings involving real estate. The lis pendens does not create or serve as a lien on real property; it has no separate existence of its own apart from the litigation for which it served notice."); and *McKenzie County v. Casady*, 55 N.D. 475, 214 N.W. 461, 465 (N.D.1927)("It is well settled that the notice of lis pendens does not of itself create in the party recording it any lien or interest in the property").[7]

■ In addition to finding that Singer does not have an "interest" in the Debtor's property, the Court concludes she has not demonstrated that she has a lien or attachment against the Debtor's property that would attach to the proceeds or entitle her to adequate protection. The Land Court dismissed her complaint. She has no interest or right to specific performance. Accordingly, the lis pendens, which as the Court has stated is the equivalent of a notice, does not secure payment, performance or constitute a charge against the Debtor's property. All Singer has is a lis pendens against the property. Without more, she has not established that she has a lien or a secured claim. Her assertion that she has a secured claim by virtue of her lis pendens is without merit. *See* 11 U.S.C. § 101(37). Singer has not and cannot cite any authority for the proposition that a lis pendens is the equivalent of a lien or secured claim.

Singer has no more than a contingent, unliquidated and disputed unsecured claim against the Debtor; *see* 11 U.S.C. § 101(5), and a recorded notice that, until dissolved, alerts potential buyers of the Debtor's property that, if she were to prevail on appeal, the sale might be overturned. Under these circumstances, Singer's Opposition is devoid of merit and will be overruled.

■ Ironically, because Singer has neither a lien nor an interest in property that is subject to a bona fide dispute, *see* 11 U.S.C. § 363(f)(4), the Court cannot authorize the sale free and clear of her lis pendens. Until such time as her appeal is resolved or a proper motion to dissolve the attachment is made that does not run afoul of the Rooker–Feldman doctrine, the lis pendens will cloud title to the property.

■ The Court's examination of Singer's position permits resolution of her Motion for Sanctions and her "Notice of Lien" and concomitant requests for a lien or attachment against any monies paid to Peter Costa and/or Century 21. Singer admitted in her pleadings that she has not filed suit against either Costa or Century 21, although she attempted to do so in the Land Court. Therefore, her requests for a lien or attachment are premature. Additionally and more importantly, any claims Singer may have against these parties have no effect on the Debtor's bankruptcy estate. Therefore, this Court lacks jurisdiction over her claims against Peter Costa and Century 21 and other parties with whom she may have dealt at Century 21. *See Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir.1984); *see also In re G.S.F. Corp.*, 938 F.2d 1467, 1475 (1st Cir.1991).

. With respect to Singer's Motion for Sanctions, the Court denies the Motion. To repeat, Singer has no more than a lis pendens—specifically, a notice of a pending appeal from an *adverse* judgment against her. She also has, at most, a contingent, unliquidated, and disputed claim against the Debtor for monetary damages. Nevertheless, in her Motion for Sanctions, she alleged, *inter alia,* that the

---

7. Other courts may reach different results but in these cases the statute provides that the lis pendens creates a lien. *See, e.g., Union Plant-* ers National Bank v. Bell (In re Bell), 55 B.R. 246, 249 (Bankr.M.D.Tenn.1985).

Debtor filed her bankruptcy petition and Sale Motion "for the primary purpose of collaterally attacking state Land Court ruling [sic] rulings denying Adamson's request to not issue and then to dissolve the lis pendens in the federal bankruptcy court;" and "[t]his malicious abuse of process by Adamson and Grossberg has caused this creditor to suffer severe emotional distress, has caused loss of time, has caused delay, and possibly other damages." These allegations, particularly that the filing a bankruptcy petition by Debtor had her attorney constitute a malicious abuse of process, are both serious and potentially sanctionable. This Court's review of Singer's voluminous pleadings compels the conclusion that Singer, not the Debtor, is attempting to collaterally attack the Land Court's ruling by her insistence that the Property be conveyed to her, despite the Land Court's adverse ruling. In view of Singer's untenable positions with respect to her status in this case as either the holder of an interest in the Property and as a secured creditor, Singer would be well advised to review the provisions of Fed. R. Bankr.P. 9011 before filing any more motions for sanctions against the Debtor or her attorney or any more pleadings that are unwarranted by existing law.

## IV. CONCLUSION

In view of the foregoing, the Court shall enter an order granting the Sale Motion and overruling Singer's Opposition. The Court shall also enter orders denying Singer's Motion for Sanctions and Motion for a Lien and to Attach Any Money Paid Peter Costa and/or Century 21 Treon Realty. Appropriate orders shall enter.