[Civ. No. 3524.   Fourth Dist.   Mar. 24, 1947.]

A. H. PAGANUCCI et al., Respondents, v. PETER KALPOUZOS, Appellant.

N. Lindsay South and James C. Janjigian for Appellant.

Ralph Robinson for Respondents.

MARKS, J.—This is an appeal from a judgment giving plaintiffs possession of a tractor for the purpose of sale in the liquidation of the affairs of a joint enterprise conducted by plaintiffs, copartners, operating under the name of Half Moon Fruit and Produce Company, on the one hand, and Peter Kalpouzos on the other, and from the order denying a motion for new trial, which is not appealable. The complaint is in the usual form found in claim and delivery actions, alleging in plaintiffs the ownership and right of possession of the tractor.

Plaintiffs, as copartners, were engaged in the business of shipping and selling farm and orchard produce as commission merchants. Kalpouzos was a farmer. During the cropping year of 1943, plaintiffs financed the farming operations of

Kalpouzos and shipped and sold his crops. The result was a net loss. These parties also engaged in a similar operation during the cropping season of 1944, which, they contend also resulted in a net loss.

The agreement between plaintiffs and Kalpouzos was oral, and besides requiring plaintiffs to advance the money to pay operating costs of the farming operations, included the purchase of the tractor in question and other farming equipment, the purchase price of which was to be advanced by plaintiffs.

The tractor was purchased from Budd and Quinn. It was stipulated that their sales manager, if present, would have testified as follows: "Memoranda: 11th month, 17th day, '43. Customer's order for tractor. Signed by Pete Kalpouzos. Released by government to Peter Kalpouzos, 11-17-43. Granted, 12-30-43; Billed by girl here to Peter Kalpouzos and Half Moon Fruit Company. Box—looks like 2725. Anyway that is February 18, 1944. The receipt showed, Paid, and (by) Half Moon, February 21, 1944. I think that item there is the check that Half Moon sent in payment of it. February 21, 1944." This evidence was not contradicted.

The agreement for the joint operation was made late in the year 1943, between Paul G. Smith, the authorized agent of plaintiffs, and Kalpouzos. According to the evidence plaintiffs were to secure 160 acres of farming land, advance the money for the purchase of the tractor and other implements, for seed, and for farming the land and maturing the crops. Kalpouzos would prepare the land for planting, plant and mature the crops and deliver them to plaintiffs for sale. Plaintiffs would sell the crops, pay the owner of the land 50 per cent of the selling price as rent, repay themselves the money advanced and divide the net proceeds equally between plaintiffs and Kalpouzos. A statement of account of some kind was introduced in evidence but it is not before us. While the evidence indicates that this account showed a net loss of $4,430, probably including the cost of the tractor and other farming equipment, there is not one word of evidence indicating that the figures it contained correctly reflected the transactions or the correct balance between the parties.

Late in 1944, a tractor cultivator, purchased for these farming operations, was in the possession of plaintiffs and the tractor was in the possession of Kalpouzos, who, with Jim Nicholas, was farming other land near Fresno. Andrew Kufis had a chattel mortgage on the tractor. Neither Nicholas nor

Kufis have appealed so they need no further attention here as the portion of the judgment against them has become final.

The trial court found that plaintiffs and Kalpouzos were joint adventurers in a joint enterprise; that in accordance with the joint enterprise agreement plaintiffs "were . . . entitled to possession of said tractor for the purpose of liquidating the same for and on behalf of said joint enterprise." Conclusions of law were drawn in part as follows:

"That the plaintiffs are entitled to the possession of that certain D-2 Caterpillar Tractor, . . . for the purpose of the joint enterprise consisting of the plaintiffs and Peter Kalpouzos, and that the said tractor is a part of the assets of said Joint enterprise, and as such the plaintiffs are entitled to the possession thereof for the purpose of liquidating the same and applying the funds obtained therefor to the assets of said joint enterprise."

It is the theory of Kalpouzos that there was no joint enterprise; that his farming operations constituted an undertaking of his own which plaintiffs agreed to finance; that his sole duty was to farm the land, raise the crops and deliver them to plaintiffs for sale; that if the operations resulted in a loss his only obligation was to pay plaintiffs any balance due them as an unsecured debt.

The trial judge, on ample evidence, found against these contentions and concluded that the parties to the agreement were joint adventurers. This finding is final on that question here. As said in *Nelson* v. *Abraham,* 29 Cal.2d 745 [177 P.2d 931]:

"Whether the agreement to share profits is merely to provide a measure of compensation for services or for the use of money, or whether it extends beyond and bestows ownership and interest in the profits themselves so as to constitute the undertaking a partnership or a joint venture, presents primarily questions of fact. (*Spier* v. *Lang,* 4 Cal.2d 711, [53 P.2d 138].) It has been said to be a 'mingled problem of law and fact.' (*Swanson* v. *Siem, supra,* 124 Cal.App. 519, 523 [12 P.2d 1053], citing 20 R.C.L. 849, § 55.)"

Further, as the interpretation put on the contract by the trial judge is reasonable we may not substitute another for it. (*Universal Sales Corp.* v. *California etc. Mfg. Co.,* 20 Cal.2d 751 [128 P.2d 665].)

Kalpouzos now argues that, assuming there was a joint

enterprise, no accounting had been had and no definite amount of the loss, if any, had been determined, which seems to be true; that therefore the sole remedy available to plaintiffs was in an action for accounting in which the remaining assets of the joint adventure might have been sold and the proceeds applied to the debts, if any, or divided between the joint adventurers if the accounting should disclose a profit.

In reply plaintiffs argue that a joint adventure differs in many respects from a partnership so that an accounting is not the sole remedy available to plaintiffs; that one joint adventurer may sue another, under some circumstances, other than by an action for accounting. This is a correct but very general statement of the law. (*Nelson* v. *Abraham, supra; Elsbach* v. *Mulligan,* 58 Cal.App.2d 354 [136 P.2d 651]; *Keyes* v. *Nims,* 43 Cal.App. 1 [184 P. 695]; 30 Am.Jur. p. 707, § 57.) The rule is thus stated in 14 California Jurisprudence 765:

"One party to a joint adventure may sue another at law for a breach of the contract or for a share of the profits or losses or for a contribution for advances made in excess of his share, as where the adventure has been closed and a party thereto is entitled to a sum certain as his share," to which should be added that one adventurer may sue another for damages resulting from fraud committed in connection with the venture as was held in *Elsbach* v. *Mulligan, supra.*

It is very apparent that the facts of the instant case do not bring it within any of the foregoing rules permitting suit by one joint adventurer against another. This is not a suit for money but one for the possession of personal property purchased with money advanced by one adventurer for use in the business of the joint undertaking. The transaction amounts to an advance of money by one adventurer for the joint adventure, and invested in property beneficial to and to be used by the joint undertaking. As said in 30 American Jurisprudence 692:

"Property purchased with the funds of the joint adventure or with profits derived therefrom belongs, unless otherwise agreed, to all the coadventurers in equal proportion. . . . Even though title is permitted to be taken in the name of one of the coadventurers, the right of the others is not impaired thereby, for under such circumstances the one holding title becomes a trustee for all. . . .

"The principle which requires joint adventurers to be loyal to the joint concern and to exercise the utmost good faith in

relation to each other applies to the acquisition of property related to the enterprise or the renewal of rights connected with such property. Clearly, one joint adventurer may not appropriate the joint property to his own benefit, or deprive his coadventurers of the benefit thereof.''

This is an action for claim and delivery and to sustain such an action the plaintiffs must establish their right to immediate and exclusive possession of the property at the time of the commencement of the action. (*Fredericks* v. *Tracy,* 98 Cal. 658 [33 P. 750]; *McCormick* v. *Gross,* 135 Cal. 302 [67 P. 766]; 5 Cal.Jur. 160.)

Independent of this rule in claim and delivery actions, to prevail here, plaintiffs must establish their right to the exclusive possession of the tractor. Counsel for plaintiffs virtually admitted this in oral argument and in his brief where he argued that the contract of joint adventure required Kalpouzos to deliver the tractor to plaintiffs for sale as an asset of the enterprise at is termination.

Had plaintiffs proved that such provision was in the contract initiating the joint adventure, and that Kalpouzos had then agreed to return the tractor to them for liquidation for the benefit of the joint adventurers, this argument might have required serious consideration. However, we have searched the record and find an entire absence of any evidence on that subject. The only evidence in the record concerning the return of the tractor is found in conversations between Smith and E. J. Giovanetti, one of the plaintiffs, and Kalpouzos, after the farming operations had been completed and plaintiffs were demanding return of the tractor or its value. We can find in these conversations nothing that can be construed as a valid and enforceable contract supported by any consideration to the effect that Kalpouzos would return the tractor to plaintiffs. Thus plaintiffs failed to establish in themselves any right to the immediate and exclusive possession of the tractor at the time of the commencement of the action, or at any other time.

The portion of the judgment against Kalpouzos is reversed. The attempted appeal from the order denying the motion for new trial is dismissed.

Barnard, P. J., and Griffin, J., concurred.