Sikora, J.
STATEMENT OF THE CASE
Joanne Powell, Administratrix of the Estate of Mary Ann Culiinane (the plaintiff), has brought a Motion for Summary Judgment upon Esther K. Stevens’ and David P. Stevens’ (the defendants’) counterclaim for slander of title.
The issue to be decided in this case is whether the filing of a lis pendens memorandum in connection with a claim affecting the title to real estate lies within the absolute privilege accorded judicial proceedings in Massachusetts.
FACTS
On March 2, 2000, plaintiff commenced this action against defendants, Esther Stevens, Trustee of the Twenty Marlborough Street Trust, and David Stevens.
*593 The Amended Complaint (dated October 12, 2001) alleges six causes of action: (1) breach of promissoiy note; (2) breach of guaranty; (3) breach of contract; (4) rescission; (5) declaratory judgment; and (6) a claim to quiet title. On the same date, the administrator obtained a lis pendens which was recorded with the Suffolk County Registry of Deeds at Book 24728, Page 16.
The Amended Complaint alleges the following facts. On December 19, 1986, Maiy Cullinane, the deceased, conveyed her property at 20 Marlborough Street, Boston (the “Property”) to Esther Stevens, for consideration of $430,000. Esther Stevens executed a promissory note (the “Note”) in the amount of $350,000, which was guaranteed by defendant David Stevens. As security for the Note, Maiy Cullinane took back a mortgage on the Property in the amount of $350,000. By instrument dated August 2, 1993, Maiy Cullinane discharged the mortgage. The discharge was not recorded until April 26, 1996, the day of Ms. Cullinane’s death in Ireland. This event raised suspicions and the administrator of Maiy Cullinane’s estate commenced this suit based on the belief that the discharge was fraudulently obtained. On November 27, 2001, defendants filed their answer and counterclaim. The counterclaim alleges slander of title by reason of the recordation of the lis pendens.
Prior to trial, the parties agreed to sever the direct claims from the slander of title counterclaim. On May 5-7, 2003, the direct claims were tried before a jury. At the conclusion of plaintiffs evidence, defendants moved for and received a directed verdict.
Defendant Esther Stevens then filed a motion to assign the counterclaim for trial, which plaintiff opposed. After a hearing on the motion, the court issued the following Order for the disposition of all remaining claims: (1) plaintiff would serve a motion for summary judgment on defendants upon the slander of title counterclaim; (2) defendants would respond; and (3) the court would receive oral argument on the motion.
Powell filed her motion for summary judgment; the court heard oral argument from all parties on the motion for summary judgment upon to the slander of title counterclaim. The matter was then taken under advisement.
STANDARD OF REVIEW
A motion for summary judgment is in order, and shall be granted where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there are no genuine issues as to any material fact in dispute and where the summary judgment record entitles the moving party to judgment as a matter of law. Nashua Corp. v. First State Ins. Co., 420 Mass. 196, 202 (1995); Wheatley v. Am. Tel. & Tel Co., 418 Mass. 394, 397 (1994); Cassesso v. Comm’r of Corr., 390 Mass. 419, 422 (1983); Cmty. Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). In deciding a motion for summaiy judgment, the court views the facts “in the light most favorable to . . . [the non-moving party], taking all the facts set forth in its supporting affidavits as true.” G.S. Enter., Inc. v. Falmouth Marine, Inc., 410 Mass. 262, 263 (1991). The moving party bears the burden of affirmatively demonstrating the absence of any genuine issue of material fact on every relevant triable issue. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). To satisfy this burden, the moving party may either submit affirmative evidence that negates an essential element of the opposing party’s case; or demonstrate that the opposing party has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. Gen. Motors Corp., 410 Mass. 706, 716 (1991).
Once the moving party demonstrates the absence of any triable issue, the non-moving party may not simply rely on its pleadings but “by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.” Cornellas v. Viveiros, 410 Mass. 314, 317 (1991), quoting Mass.R.Civ.P. 56(e). “A complete failure of proof concerning an essential element of the non-moving party’s case renders all other facts immaterial” and mandates summaiy judgment in favor of the moving party. Kourouvacilis v. Gen. Motors Corp., 410 Mass, at 711 (1991), citing Celotex v. Catrett Corp., 477 U.S. 317, 323 (1986). “Where a moving party properly asserts that there is no genuine issue of material fact, ‘the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded juiy could return a verdict for the [non-moving party] on the evidence presented.’ ” Flesner v. Technical Communications, Corp., 410 Mass, at 809, quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).
The use of summary judgment procedures is favored “in cases where defamation is alleged.” Mulgrew v. Taunton, 410 Mass. 631, 632 (1991), citing King v. Globe Newspaper Co., 400 Mass. 705, 708 (1987), cert, denied. “Defendants, however, ‘must still meet the usual burden under Rule 56 of demonstrating by evidence considered with an indulgence in the plaintiffs favor,’ the absence of disputed issues of material fact and their entitlement to judgment as a matter of law.’ ” Mulgrew v. Taunton, 410 Mass, at 633, quoting Godbout v. Cousens, 396 Mass. 254, 258 (1985).
DISCUSSION
Slander of Title
Slander of title, also referred to as the tort of “injurious falsehood,” is catalogued in the Restatement (Second) of Torts, §§623A and 624. The term slander of title is defined as “a false and malicious statement, oral or written, made in disparagement of a person’s *594 title to real or personal property, causing him injury.” 50 Am.Jur.2d Libel & Slander §548 (1995) (citations omitted). The action of slander of title is the wilful recordation or publication of untrue material that disparages the title of another property. Id. Generally, an action under slander of title may only be maintained by one who possesses an estate or interest in the affected property. See generally Slander of Title: Sufficiency of Plaintiff's Interest in Real Property to Maintain Action, 86 A.L.R.4th 738 (1991). “The Tort of slander of title is almost identical to the tort of product disparagement, the only difference being that the former tort involves aspersing the quality of one’s title to property and the latter tort involves aspersing the quality of one’s property.” Wendy’s of S. Jersey, Inc. v. Blanchard Mgmt. Corp. of N.J., 170 N.J.Super. 491, 493 (Ch.Div. 1979), citing Sys. Operations, Inc. v. Scientific Games Dev. Corp., 555 F.2d 1131, 1140-41 (3d Cir. 1977).
The requirements for liability for the publication of injurious falsehood are as follows.
One who publishes a false statement harmful to the interests of another is subject to liability for pecuniary loss resulting to the other if (a) he intends for publication of the statement to result in harm to the interests of the other having pecuniary value, or either recognizes or should recognize that it is likely to do so, and (b) he knows that the statement is false or acts in reckless disregard of its truth or falsity.
Dulgarian v. Stone, 420 Mass. 843, 852 (1995), quoting Restatement (Second) of Torts, §623A. In other words, in order to be liable for publishing an injurious falsehood (or slander of title), the party asserting the claim must present affidavits or other documents showing, or tending to show, that the statements made were false and that the publisher acted in reckless disregard of truth or falsity when publishing them. Id.
Section 624 of the Restatement of Torts (Second) states, in pertinent part, the following:
The rules on liability for the publication of an injurious falsehood stated in §623A apply to the publication of a false statement disparaging another’s property rights in land, chattels or intangible things, that the publisher should recognize as likely to result in pecuniary harm to the other through the conduct of third persons in respect to the other’s interests in the property.
Comment a: . . . Slander of title, however, differs from personal defamation in at least three important respects. One is that proof of special harm is required in all cases. (See §633.) Another is that there must be proof of a greater amount of fault than negligence on the part of the defendant regarding the falsity of the statement. (See §623A, especially Comment d.) The third is that because of the economic interest involved the disparagement of
property may in a proper case be enjoined, whereas defamation normally cannot.
As noted above, one of the required elements necessary for liability is that the statement must result in pecuniary loss to another. Dulgarian v. Stone, 420 Mass, at 852, quoting Restatement (Second) of Torts, §623A. This pecuniary loss is better characterized as the special damages rule. W. Prosser & W. Keeton, The Law of Torts, §128, at 971 & n.3 (5th ed. 1984).
[T]he special damages rule of the slander of title action requires the plaintiff to establish pecuniary loss that has been realized or liquidated, as in the case of specific lost sales. In slander of title cases “impaired vendibility” of the land is sometimes stated as the special damage for which recovery is permitted. The phrase is ambiguous and may mean (1) the plaintiff sold the land at a lower price because of the falsehood; (2) the plaintiff sold the land at greater effort, expense or time because of the falsehood; or (3) the land’s value had dropped on the market . . . The chief characteristic of special damages is a realized loss. Thus loss of specific contracts to purchase may be required proof. A.H. Belo Corp. v. Sanders, 632 S.W.2d 145 (Tex. 1982). Even this is problematical in the slander of title case because the plaintiff, though he has lost a sale, still has the land. The most satisfactory proof would show a sale at a reduced price or at greater expense.
Therefore, in order for defendants to prevail in their slander of title claim, they must demonstrate the kinds of losses contemplated by the Restatement. In the present case, defendants allege only attorneys fees as their damages. It is unclear, however, whether attorneys fees would qualify as special damages. If defendants had presented evidence that the Property was sold at a loss because of the recording of the lis pendens memorandum, or sold with greater effort or expense than otherwise would have been required, then they probably would have satisfied the special damages requirement. Defendant David Stevens claimed at the summary judgment hearing that he wanted to mortgage the Property to pay for his legal fees in defending this action. However, he presented no affirmative evidence during the hearing to support this testimony. Without corroborating affirmative evidence, the court is unable to credit the argument.
It is well settled that all of the absolute privileges available in a defamation action are also available in an action for slander of title. See Restatement (Second) of Torts, §635. Statements (oral or written) made by a party or witness in the institution and during the course of judicial proceedings are absolutely privileged. See Restatement (Second) of Torts, §§586 and 587. Whether a defense of an absolute privilege applies is a question of law to be decided by the court. Restatement (Second) of Torts, §619(1). An absolute privilege provides a complete defense to a defamation suit, even if the offensive statements are uttered mali *595 ciously or in bad faith. Correllas v. Viveiros, 410 Mass, at 319; Mulgrew v. Taunton, 410 Mass, at 634, citing Ezekiel v. Jones Motor Co., 374 Mass. 382, 385 (1978).
The privilege upon which plaintiff Powell grounds her summary judgment motion is the absolute privilege which attaches to defamatory statements made in the institution or conduct of litigation. Sullivan v. Birmingham, 11 Mass.App.Ct. 359, 361 (1989), citing Sriberg v. Raymond, 370 Mass. 105, 109 (1976), Sriberg v. Raymond, 544 F.2d 15, 16 (1st Cir. 1977). The Stevens defendants argue that the filing of a lis pendens memorandum is not sufficiently connected to litigation or a judicial proceeding and therefore should not receive the protection of the absolute privilege. They assert that the absolute privilege which attaches to statements made in the context of litigation “cannot be exploited as an opportunity to defame with immunity, because it is available only when challenged remarks are relevant or pertinent to the judicial proceedings.” Sullivan v. Birmingham, 11 Mass.App.Ct. at 362, citing Mezullo v. Maletz, 331 Mass. 233, 236 (1954). Administratrix Powell insists that the filing of the lis pendens memorandum is nothing more than a republication of the information already set forth within the complaint and therefore should be similarly privileged. The issue is whether plaintiffs filing of the notice of lis pendens qualifies as a judicial proceeding, or, in the alternative, whether it functions as so close an adjunct to underlying litigation as to fall within the absolute privilege.
Lis Pendens
The Massachusetts lis pendens statute, G.L.c. 184, §15, provides, in pertinent part, the following;
(a) A writ of entry or other proceeding that affects the title to real property... shall not have any effect except against the parties thereto, . . . until a memorandum containing the names of the parties to the proceeding, the court in which it is pending, the date of the writ or other commencement thereof, the name of the town where the real property liable to be affected thereby lies and a description of the real property... is recorded in the registry of deeds
(b) Any party seeking a memorandum of lis pendens under this section shall commence the underlying proceeding by means of a verified complaint . . . shall name as defendants all owners of record . . . Upon motion of a party, if the subject matter of the action constitutes a claim of a right to title to real property, ... a justice of the court in which the action is pending shall make a finding to that effect and endorse the finding upon the memorandum...
It is recognized that the lis pendens mechanism is not designed to aid either side in the dispute between private parties; rather, it is designed primarily to protect unidentified third parties by notice to prospective purchasers of property already on public record, i.e., the fact of suit involving the property. In re Thomas, Inc., 37 B.R. 387 (D.Mass. 1984); G.L.c. 184, §15 (a).
In Massachusetts the filing of a lis pendens memorandum is statutorily authorized by G.L.c. 184, §15 when the underlying judicial proceeding affects the title to real property. Whether the false or fraudulent filing of a memorandum of lis pendens is actionable in a slander of title claim is unresolved in Massachusetts. Courts which have addressed this issue have permitted plaintiffs to recover under other theories of law such as interference with contract, abuse of process, and wrongful civil litigation. See Nat’l City Bank of Indiana v. Shortridge, 689 N.E.2d 1248, 1251-54 (Ind. 1997); Montecalvo v. Mandarelli 682 A.2d 918, 922-27 (R.I. 1996) (abuse of process and wrongful civil litigation); Cok v. Cok, 558 A.2d 205, 207 (R.I. 1989) (both abuse of process and malicious use of process). Other courts have rejected the action on the ground that the special injuiy rule requires physical seizure (Sharif-Munir-Davidson Dev. Corp. v. Bell, 788 S.W.2d 427, 430-31 (Tex.Ct.App. 1990); or on the ground that the filing of a lis pendens memorandum is absolutely privileged as a judicial act, at least where it is based upon the underlying litigation disputing title to the subject property. See Ringier Am., Inc. v. Enviro-Technics, Ltd., 284 Ill.App.3d 1102, 1105 (1996); Birdsong v. Bydalek, 953 S.W.2d 103, 113-14 (Mo.Ct.App. 1997). Compare Manders v. Manders, 897 F.Sup. 972, 975-77 (S.D.Tex. 1995) (lis pendens absolutely privileged against slander of title claim). The privilege may be limited to cases in which the lis pendens memorandum is related to the property in question or the underlying action that supports it. Birdsong v. Bydalek, 953 S.W.2d. at 113-14.
III. Absolute Privileges
As noted earlier, it is well settled that statements (oral or written) made by a party or witness in the institution and during the course of judicial proceedings are absolutely privileged. See Restatement (Second) of Torts §587. An absolute privilege provides a complete defense to a defamation claim even if the offensive statements are uttered maliciously or in bad faith, so long as the challenged remarks are relevant or pertinent to the judicial proceedings. See Doe v. Nutter, McClennen & Fish, 41 Mass.App.Ct. 137, 140 (1996); Correllas v. Viveiros, 410 Mass, at 319; Mulgrew v. Taunton, 410 Mass, at 634, citing Ezekiel v. Jones Motor Co., 374 Mass. 382, 385 (1978); Sullivan v. Birmingham, 11 Mass.App.Ct. at 362. The privilege that attaches to such statements protects the maker from any civil liability. Doe v. Nutter, McClennen & Fish, 41 Mass.App.Ct. at 140. It is also well settled that an attorney’s statements are privileged “where such statements are made by an attorney engaged in his function as an attorney whether in the institution or conduct of litigation or in conferences and other communications preliminary to litigation.” See Sriberg v. *596 Raymond, 370 Mass. 105, 109 (1976); Restatement (Second) of Torts, §586. This doctrine is grounded in the public policy of permitting attorneys complete freedom of expression and candor in communications in behalf of their clients. Sriberg v. Raymond, 370 Mass, at 108-09. See also Restatement (Second) of Torts, §586, Comment a.
The Stevens parties argue that the policy reasons for extending an absolute privilege to judicial papers do not apply to the recording of a lis pendens memorandum because the memorandum is not necessary or relevant to the underlying judicial proceeding. They argue that the recording of a notice of lis pendens is a private act, optional, not mandatory; and that the procedure for obtaining a lis pendens provides for limited judicial oversight. Powell, on the other hand, argues that because the filing of a memorandum of lis pendens is merely the republication of the pleadings already on the record in the underlying judicial proceeding, it should be accorded the same protection as the judicial proceedings upon which it is based.
Our research has found no Massachusetts opinions directly resolving the question presented, Le., whether the absolute privilege accorded to defamatory statements made in the context of a judicial proceeding extends to the filing of a lis pendens memorandum. Nearly every other jurisdiction to consider the question has extended the absolute privilege accorded statements made in the course of litigation to include the filing of a lis pendens memorandum, provided, however, that the underlying litigation makes allegations affecting some ownership interest in the subject property. See, e.g., Dethlefs v. Beau Maison Dev. Corp., 511 So.2d 112, 117-18 (Miss. 1987); Lone v. Brown, 199 N.J.Super. 420, 427-29 (1985); Woodcourt II Ltd. v. McDonald Co., 119 Cal.App.3d 245, 249-51 (1981); Procacci v. Zacco, 402 So.2d 425, 426-28 (Fla.Dist.Ct.App. 1981); Wendy’s of S. Jersey, Inc. v. Blanchard Mgmt. Corp. of N.J., 170 N.J.Super. 491, 495-97 (1979); Hansen v. Kohler, 550 P.2d 186, 190 (Utah 1976); Hauptman v. Edwards, Inc., 170 Mont. 310, 317 (1976); Zamarello v. Yale, 514 P.2d 228, 230-32 (Alaska 1973); Kelly v. Perry, 111 Ariz. 382, 382-85 (1975); Kropp v. Prather, 526 S.W.2d 283, 286-87 (Tex.Civ.App. 1975); Albertson v. Raboff, 46 Cal.2d 375, 378-81 (1956).
Each of those courts adopted or relied upon one or more of the following rationales: (1) with few exceptions, any publication made in a judicial proceeding enjoys absolute privilege from later charges of defamation; (2) the sole purpose of recording a notice of lis pendens is to give to prospective buyers constructive notice of the pendency of the proceedings; (3) the notice of lis pendens is purely incidental to the action in which it is filed, and refers specifically to such action and has no existence apart from that action; (4) the recording of a notice of lis pendens is in effect a republication of the proceedings in the action and therefore it is accorded the same absolute privilege as any other publication incident to the action. Superior Constr., Inc. v. Linnerooth, 103 N.M. 716, 719 (1986).
The Stevens parties have invoked the reasoning of the dissenting opinion in Superior Construction v. Linnerooth I have examined that decision closely. The majority opinion joins the reasoning of the cases already collected from other jurisdictions. In substance, the New Mexico Supreme Court held that the lis pendens statute authorizes the filing of the document as constructive notice to subsequent purchasers and encumbrancers. Superior Constr., Inc. v. Linnerooth 103 N.M. at 719. It is therefore merely a republication of the pleadings filed in the pending judicial proceeding and it should enjoy the same absolute privilege accorded those proceedings. Id. at 719-20. The court concluded that a publication made in connection with a judicial proceeding would support a defamation action only in circumstances in which the defamatory material were irrelevant or immaterial to the underlying judicial proceeding. Id. See also Brough v. Foley, 572 A.2d 63, 66-68 (R.I. 1990), holding that since the filing of a lis pendens is incident to the filing of the complaint, if the plaintiff had probable cause to bring the action, then neither of these actions can be considered slander of title); Kropp v. Prather, 526 S.W.2d at 287-88 (“Because the recording of a lis pendens is specifically authorized by statute and has no existence separate and apart from the litigation of which it gives notice . . . the filing of a notice of lis pendens ... is a part of [a] judicial proceeding’ . . . and thus forms no basis for an action for libel'or slander”); Dethlefs v. Beau Maison Dev. Corp., 511 So.2d at 117 (holding lis pendens notice to be a privileged communication and therefore not actionable for slander of title); Louis v. Blalock, 543 S.W.2d 715, 718 (Tex.Civ.App. 1976) (a claim, either oral or written, asserted in the course of a judicial proceeding, cannot be made the basis of a civil action for slander of title); Manders v. Manders, 897 F.Sup. at 978 (finding no basis for a slander of title action arising out of the filing of a lis pendens); Palmer v. Shelby Plaza Motel, Inc., 443 So.2d 285, 286 (Fla.Dist.Ct.App. 1983) (lis pendens describing only the property covered by the mortgage which is being foreclosed is absolutely privileged); Lone v. Brown, 199 N.J. Super, at 426-29 (treating the filing of a lis pendens as merely a republication of the complaint and therefore as absolutely privileged).
Several courts cite the seminal 1956 California case of Albertson v. Rabofffor the proposition that the filing of a lis pendens is absolutely privileged. The Supreme Court of California summarized:
[I]t is our opinion that the privilege applies to any publication, such as the recordation of a notice of lis pendens, that is required ... or permitted . . . by law in the course of a judicial proceeding to *597 achieve the objects of the litigation, even though the publication is made outside the courtroom and no function of the court or its officers is invoked. Thus, it is not limited to the pleadings, the oral or written evidence, to publications in open court or in briefs or affidavits. If the publication has a reasonable relation to the action and is permitted by law, the absolute privilege attaches. It therefore attaches to the recordation of a notice of lis pendens, for such a publication is permitted by law, and like other documents that may be filed in an action, it has a reasonable relation thereto and it is immaterial that it is recorded with the County Recorder instead of being filed with the County Clerk.
Albertson v. Raboff, 46 Cal.2d at 409 (and the cases cited).
Where courts have not applied an absolute privilege to the filing of a lis pendens memorandum in a slander of title action, they have allowed a qualified privilege conditioned upon the absence of malice. Westfield Dev. Co. v. Rifle Inv. Assocs., 786 P.2d 1112, 1116-18 (Colo. 1990); Kensington Dev. Corp. v. Israel, 142 Wis.2d 894 (Wis. 1988).
IV. Practical Considerations
Apart from the pattern of general authority, several considerations of Massachusetts practice support the application of an absolute privilege. First, in operation under G.L.c. 184, §15, the authorization of a lis pen-dens memorandum lies inside, not outside, the process of the underlying litigation. The applicant files a motion as part of the papers of the predicate lawsuit. A judge entertains the motion in that suit and allows or denies the application. Under the governing law at the time of allowance in this action, the judge had little or no discretion to deny the application if the complaint contained allegations of entitlement to title, use, or occupancy. Sutherland v. Aeolean Development Corp., 399 Mass. 36, 40-41 (1987). The amendments of §15 by St. 2002, c. 496, §2, would appear to integrate the lis pendens decision further with the merits of the lawsuit. Under those amendments, the lis pendens judge may deny the application for a memorandum if he or she deems injunctive relief (usually against the sale , encumbrance, or use of the contested property) to be adequate to preserve the status quo. Further, if the judge allows the memorandum, on an ax parte hearing, he or she must include a finding either that the defendant party lies outside the jurisdiction of the court or that a clear danger exists that the defendant would convey, encumber, damage, or destroy the properly if notified in advance of the application. In short, the 2002 amendments recognize the lis pendens memorandum to be functioning practically and analogously in the manner of such traditional litigation instruments as injunctions and attachments. It is an element of the lawsuit, and not a separate or independent event.
Second, the lis pendens device serves an important litigation policy and institutional interest of the courts. By provision of notice to prospective buyers, mortgagees, tenants, or users of real estate, it prevents further disputes and resulting claims and litigation from those parties who would have acted to purchase, to accept a security interest in, or to lease or use, the contested real estate if they had lacked notice of its prior involvement in litigation. The prevention of such unnecessary conflict and compounding lawsuits furnishes a strong practical purpose for the lis pendens. Exposure of the process to damages liability would tend to chill its use and to harm its purpose.
Third, abundant alternative remedies exist for the genuine purpose of the present counterclaim for slander of title by means of the lis pendens device. As the Stevens parties relate in argument, they now seek to recover the alleged expenditure of $168,000 in litigation fees and costs generated by the plaintiffs original claim. As recounted above, the traditional purpose of slander of title “special damages” is to compensate the properly owner for (i) loss of sale price, (ii) loss of mortgageability; and (iii) infliction of increased expense and effort in the process of sale or mortgaging.
For the recovery of litigation fees and expenses caused by bad faith claims, Massachusetts affords several alternative remedies. One is the action for abuse of process. By counterclaim or subsequent claim, the aggrieved party may allege that the adversary (i) used legal process, (ii) for an ulterior motive, and (iii) caused loss or harm to him. Datacomm Interface, Inc. v. Computerworld, Inc., 396 Mass. 760, 775-76 (1986); and Jones v. Brockton Public Markets, Inc., 369 Mass. 387, 390 (1975).
Another is the action for malicious prosecution of a civil claim. The plaintiff must establish that the defendant had brought an original action maliciously and without probable cause and had suffered termination favorable to the plaintiff. Hubbard v. Beatty & Hyde, Inc., 343 Mass. 258, 261 (1961); and Beecy v. Prociarelli, 387 Mass. 589, 593 (1982).
Finally, G.L.c. 231, §6F, authorizes recovery of fees and expenses incurred in defense against claims frivolous, insubstantial, and advanced wholly in bad faith. This statutory remedy contemplates a prompt adjunct evidentiary hearing before the trial judge presiding over the underlying claim or claims. See Strand v. Herrick & Smith, 396 Mass. 783, 791-92 (1986); Pirie v. First Congregational Church, 43 Mass.App.Ct. 908, 910 (1997); and Bartlett v. Greyhound Real Estate Finance Co., 41 Mass.App.Ct. 282, 291-92 (1996).
The availability of these practical and more straightforward alternatives militates against the adaptation of the aged slander of title theory to the current lis pendens mechanism. A litigant abused by bad faith claims and the use of lis pendens for their *598 prosecution is far from remediless. He does not need an additional or cumulative cause of action, especially one tending to inhibit the proper use of the lis pendens device.
The time has now passed for the assertion of the potential counterclaims for abuse of process and malicious prosecution of a civil action; and for a claim under c. 231, §6F.
CONCLUSION.
The plaintiff Powell is entitled to allowance of her motion for summaiy judgment against the Stevens parties’ counterclaim for slander of title.