Agnes, A.J.
This is a civil action arising out of damages allegedly sustained by the plaintiffs as a result of the cutting and removal of trees by the defendant on the plaintiffs’ property. In addition to loss of trees, the plaintiffs also allege that the actions of the defendant have put a cloud on their title. The parties are presently before the court on the defendant’s motion for partial summary judgment as to Count IV, Slander of Title. There was no hearing on the matter; instead the motion was decided on the papers submitted by both parties. For the following reasons the defendant’s motion for partial summary judgment is allowed.
FINDINGS OF FACT
On October 22, 1998, the defendant purchased property on Swan Avenue in Worcester, Massachusetts. Situated across from the defendants, the plaintiffs’ property line extends to the center line of Swan Avenue. Prior to conveyance, the defendant hired Land Planning, Inc. to draw a subdivision plan for the property. The plan was subsequently prepared and recorded in Plan Book 732, as Plan No. 82 at the Worcester Registry of Deeds. According to the plaintiffs, the width and location of Swan Avenue is not accurately portrayed in the recorded plan because Swan Avenue is depicted as a variable-width way. The plan depicts Swan Avenue to be at least 50’ wide along the southwesterly line, expanding to 112’ feet at its northerly terminus. After the plan was completed and prior to its recording, the defendant was assured by Land Planning, Inc. that the northerly terminus of Swan Avenue was correctly depicted.
CONCLUSIONS OF LAW 1. Standard of Review
Motions for summary judgment are governed by Rule 56 of the Massachusetts Rules of Civil Procedure. A motion for summary judgment should be granted when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Mass.RCiv.P. 56(c). Parties generally move for summary judgment after completing discovery. The moving party must demonstrate that the parties do not dispute any material facts. If any material facts are disputed the motion must be denied. Factual disputes can not be resolved at the summary judgment stage, but must be reserved for trial.
Assuming there are no material facts in dispute, the court may grant a motion for summary judgment if the moving party is entitled to judgment as a matter of law. If the moving party does not bear the burden of proof at trial it must either: (i) submit affirmative evidence negating an essential element of the non-moving parly’s claim; or (ii) demonstrate that the non-moving party’s evidence is insufficient to establish its claim. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991). The moving party may support its motion with pleadings, deposition transcripts, answers to interrogatories, admissions on file and affidavits. Mass.R.Civ.P. 56(c). An adverse party may not defeat a motion for summary judgment by resting merely on the allegations and denials of its pleadings but must set forth specific facts with affidavits, deposition testimony, answers to interrogatories, or admissions on file showing that there is a genuine issue for trial. Mass. R Civ. P. 56(e).
2. Slander of Title
Slander of title is a tort action, dating back to the 1600s, involving real property which redresses “interference with title to real estate by falsehoods which, although not personally defamatory, cause the plaintiff pecuniary loss through interference with . . . dominion over his property.” Karen McConnel, Slander of Title: Onward Through the Fog, 24 S.Tex. L. Rev. 171, 171 (1983). See McDonald v. Green, 176 Mass. 113, 115 (1900) (“[s]uch actions are well known and well described as actions of Tort for Slander”). Initially such cases involved oral aspersions cast upon the plaintiffs ownership of land, preventing the plaintiff from selling or leasing the land and later came to be known as “slander of title.” Prosser & Keeton, Torts, §128 (5th ed. and supp. 1984). Id. By analogy, the title or property was personified and the rules of personal slander were applied to property. Id. Over time, the tort has evolved to include “written aspersions and the title to property other than land, and then to cover disparagement of the quality of property, rather than its title .. . many contemporaiy cases concern aspersions cast upon a commercial product.” Id. Although called by various names, “injurious falsehood” was the term coined in the first Restatement of Torts and *166 adopted in the Second Restatement. Dulgarian v. Stone, 420 Mass. 843, 852 (1995), quoting Restatement (Second) of Torts §623A (1977). See Prosser & Keeton, Torts, §128 (5th ed. and supp. 1984). The second Restatement categorizes slander of title as a special application of the general principle of injurious falsehood. Restatement (Second) of Torts §§623Aand 624 (1977); Powell v. Stevens, 17 Mass. L. Rptr. 592, 2004 WL 1047451, Civil Action No. 00-0089 (Mass. Super., May 3, 2000). The courts in Massachusetts have embraced the standard set forth in the Restatement for injurious falsehood as it relates to slander of title. See Bulgarian, 420 Mass at 852. The Second Restatement defines injurious falsehood as follows:
One who publishes a false statement harmful to the interests of another is subject to liability for pecuniary loss resulting to the other if (a) he intends for publication of the statement to result in harm to interests of the other having a pecuniary value, or either recognizes or should recognize that it is likely to do so, and (b) he knows that the statement is false or acts in reckless disregard of its truth or falsity.
Restatement (Second) of Torts §623A (1977).
Section 624 applies the definition of injurious falsehood to the “publication of false statements disparaging another’s property rights in land, chattels or intangible things, that the publisher should recognize as likely to result in pecuniary harm to the other through the conduct of third persons in respect to the other’s interest in property.” Id. at §624
In order to be liable for publishing an injurious falsehood, the party asserting the claim must present affidavits or other documents showing, or tending to show, that the statements made were both false and published in reckless disregard of the truth. Bulgarian v. Stone, 420 Mass. 843, 852 (1995), quoting Restatement (Second) of Torts §623A (1977). In addition, slander of title,
differs from personal defamation in at least three important respects. One is that proof of special harm is required in all cases. (See §633). Another is that there must be proof of a greater amount of fault than negligence on the part of the defendant regarding the falsity of the statement. (See §623A, especially Comment d.) The third is that because of the economic interest involved the disparagement of property may in a proper case be enjoined, whereas defamation normally cannot.
Restatement (Second) of Torts §624, Comment (a) (1977).
A. Accuracy of Statement
The plaintiffs have submitted a plan depicting the width of Swan Avenue at forty feet pursuant to an original agreement to widen the road, signed and recorded in 1895. Although the defendant contends that the subdivision plan he recorded does not purport to show the bounds of the plaintiffs’ properly, the location and width of Swan Avenue is defined by the defendant’s plan and the plaintiffs own to the center-line of Swan Avenue. Therefore, there are genuine issues of material fact as to whether or not the subdivision plan of the defendant’s property inaccurately portrayed the plaintiffs’ boundary lines.
B. Reckless Disregard for the Truth
Reckless disregard is said to exist when there is “a high degree of probable falseness” of the statement, or there are “serious doubts as to [its] truth.” St. Amant v. Thompson, 390 U.S. 727, 730-32 (1968) (To have acted with reckless disregard as to the truth of a statement, one must have entertained serious doubts as to the veracity of the published statement(s) or there must be obvious reasons to doubt its accuracy); Stone v. Essex County Newspapers, Inc., 367 Mass. 849, 867 (1975), quoting St Amant at 730-31 (“There must be sufficient evidence to permit the conclusion that the defendant entertained serious doubts as to the truth of his publication; publishing with such doubts shows reckless disregard for truth or falsity and demonstrates actual malice”); Restatement (Second) of Torts §580A (1977). Evidence that the defendant acted negligently or with gross negligence does not establish reckless disregard. A reckless disregard for the truth is tantamount to a willful or intentional wrong. Altman v. Aronson, 231 Mass. 588, 592 (1919) (while the degree of culpability which characterizes all negligence is magnified in gross negligence, it falls short of being such reckless disregard of probable consequences as is equivalent to a willful or intentional wrong). Sufficient time and opportunity to investigate the truth of the statement is a factor that may be relevant in determining whether the publisher acted with reckless disregard for the truth. Restatement (Second) of Torts §580A.
Under this standard, the plaintiffs’ have not submitted sufficient evidence to show that the defendant acted with reckless disregard for the truth when he recorded the subdivision plan produced by Land Planning, Inc. Land Planning, Inc., a professional land surveying company, was paid by the defendant to subdivide the land. No evidence has been submitted to show the defendant had any reason to believe the plans were prepared incorrectly.
Although it may be said that Swan Avenue appears exceptionally wide on the subdivision plan and that this fact should have been recognized by the defendant, proof of a reckless disregard for the truth requires a much greater showing. It has to amount to a willful or intentional wrong and the plaintiffs have made no such showing regarding the defendant’s behavior. In fact, the defendant raised the issue of the unusual width of Swan Avenue with Land Planning, Inc. In addition, the fact that the defendant was assured that the subdivision plan was correct is an indication that the defendant did not entertain serious doubts as to its veracity at the time it was recorded. It *167 is unreasonable to suggest that the defendant should have continued to question the plan or pursue the opinion of another surveyor once he was assured it was correct.
Therefore, the plaintiffs’ have failed to demonstrate that the defendant acted in reckless disregard in recording the plan with the Registry of Deeds.[3]
C. Special Damages
Because the plaintiffs have failed to show the defendant acted with reckless disregard for the truth, the court does not reach the issue of special damages.
ORDER
For the above reasons, the defendant’s motion for summaiy judgment as to Count IV, Slander of Title, is ALLOWED.

The question of whether the plaintiff must prove “malice” and whether this element is separate and distinct from reckless disregard remains open and need not be answered here. Dulgarian, 420 Mass, at 852, n. 9.